FREDERICK P. AND PATRICIA L. MEYER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9434-90.          Filed November 18, 1991.

---

Frederick P. Meyer and Patricia L. Meyer, pro se.
*Frederick J. Lockhart, Jr.,* for the respondent.

### OPINION

NIMS, *Chief Judge:* This case is before the Court on petitioners' motion for an order enjoining respondent from collection activities. (Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years in issue.)

### *Background*

By statutory notice of deficiency dated February 13, 1990, respondent determined deficiencies in and additions to petitioners' Federal income tax as follows:

| Year | Deficiency | Additions to tax | | | | |
|------|-----------|------------------|-----|------|------|------|
| | | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6653(b) | Sec. 6654 |
| 1980 | - - - | - - - | - - - | - - - | $7,967 | $159 |
| 1981 | [1]$(2,110) | - - - | - - - | - - - | 8,896 | 285 |
| 1982 | [1](3,366) | $3,274 | [2]$1,032 | - - - | - - - | 1,092 |
| 1983 | [1](6,371) | - - - | [2]907 | - - - | - - - | - - - |
| 1984 | [1](7,823) | - - - | [2]884 | - - - | - - - | - - - |

| | | | Additions to tax | | | |
|---|---|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6653(b) | Sec. 6654 |
| 1985 | 22 | --- | ²1,518 | --- | --- | --- |
| 1986 | --- | --- | --- | ³$1,738 | --- | --- |

¹This amount reflects an overassessment of tax (i.e., decrease in tax).

²Plus an addition to tax under section 6653(a)(2) in an amount to be determined.

³Plus an addition to tax under section 6653(a)(1)(B) in an amount to be determined.

On May 14, 1990, petitioners timely filed a petition for redetermination of respondent's deficiency determinations. On July 16, 1990, respondent filed his answer to the petition. In his answer, respondent asserted that the additions to tax under sections 6651(a)(1) and 6654 that were included in the deficiency notice would be summarily assessed because such additions to tax are not subject to the deficiency procedures pursuant to section 6662(b) (now section 6665(b) and hereinafter cited as such).

On September 24, 1990, petitioners filed a motion for an order enjoining respondent from collection activities. Between this date and September 12, 1991, the parties filed the following documents relating to this motion: respondent's notice of objection, petitioners' response to respondent's objection, respondent's supplemental objection, respondent's amendment to supplemental objection, petitioners' answer to respondent's supplemental objection, respondent's second supplemental objection, and respondent's amendment to second supplemental objection.

The collection activities sought to be enjoined by petitioners relate to assessments of income tax and additions to tax for the years 1980, 1981, and 1982. These assessments were based upon the income tax shown and computed due on petitioners' delinquently filed 1980, 1981, and 1982 original and amended income tax returns. The assessments for 1980 were made prior to the issuance of the notice of deficiency in this case, on December 21, 1987 (from original 1980 return), and on October 10, 1988 (from amended 1980 return). The assessments for 1981 and 1982 were made after the issuance of the notice of deficiency in this case, on May

28, 1990 (from original 1981 and 1982 returns), and on June 11, 1990 (from amended 1981 and 1982 returns).

The following charts summarize petitioners' account balances (i.e., assessed balances) that respondent is attempting to collect.

### 1980 Assessments

| | |
|---|---:|
| Tax from original return | $2,579.70 |
| Additional tax from amended return | 13,353.38 |
| Interest | 25,101.25 |
| Section 6654 addition to tax (statutory notice) | 159.00 |
| Section 6651(a)(2) addition to tax | 416.57 |
| Credit for "LEVY" claimed on amended return | (5,518.54) |
| Reversal of credit for "LEVY" on amended return | 5,518.54 |
| TOTAL ASSESSMENTS | 41,609.90 |
| Subsequent payment | (31,919.33) |
| ACCOUNT BALANCE (excluding accrued interest) | 9,690.57 |

### 1981 Assessments

| | |
|---|---:|
| Tax from original return after math correction | $3,790.46 |
| Additional tax from amended return—claimed estimated tax credit for "LEVY" not allowed | 16,111.46 |
| Section 6654 addition to tax (statutory notice) | 285.00 |
| Section 6651(a)(1) addition to tax | 2,938.80 |
| Section 6682 penalty | 500.00 |
| TOTAL ASSESSMENTS | 23,625.72 |
| Subsequent payment | (521.21) |
| Prepayment credit from withheld taxes | (6,036.73) |
| Abatement of overassessment of tax (statutory notice) | 2,110.00 |
| ACCOUNT BALANCE (excluding accrued interest) | 14,957.78 |

### 1982 Assessments

| | |
|---|---:|
| Tax from original return after math correction | $4,537.84 |
| Additional tax from amended return—claimed estimated tax credit for "LEVY" not allowed | 19,463.29 |
| Interest | 2,930.67 |
| Section 6654 addition to tax (statutory notice) | 1,092.00 |
| Section 6651(a)(1) addition to tax (statutory notice) | 3,274.00 |
| Section 6651(a)(1) addition to tax (error) | 4,115.34 |
| Abatement of erroneous section 6651(a)(1) addition to tax | (4,115.34) |
| TOTAL ASSESSMENTS | 31,297.80 |
| Prepayment credit from withheld taxes | (7,539.77) |
| Abatement of overassessment of tax (statutory notice) | (3,366.00) |
| ACCOUNT BALANCE (excluding accrued interest) | 20,392.03 |

As the above charts indicate, petitioners' account balances for 1980, 1981, and 1982 that respondent is attempting to collect are $9,690.57, $14,957.78, and $20,392.03, respectively. Notably, respondent is attempting to collect

the additions to tax under section 6654 for 1980, 1981, and 1982 and the addition to tax under section 6651(a)(1) for 1982 that were determined in the deficiency notice and contested by petitioners in their petition.

## Discussion

Petitioners assert that because they filed a timely petition for redetermination for the years in question, respondent is precluded by section 6213(a) from collecting the assessed taxes. Respondent counters that the collection activities sought to be enjoined by petitioners relate to assessments not subject to the deficiency procedures and are therefore not prohibited by section 6213(a).

Respondent is authorized to immediately (summarily) assess and collect the amount of taxes that are computed and shown due on a taxpayer's original income tax return, as well as the amount of any additional taxes computed and shown due on a subsequently filed amended income tax return. Sec. 6201(a)(1). See also sec. 301.6211-1(a), Proced. & Admin. Regs. Respondent can also summarily assess and collect any additional tax due as a result of a mathematical error made on the taxpayer's return if respondent sends an explanation of such error to the taxpayer and the taxpayer either agrees to the error or fails to request an abatement of the assessment within 60 days. Sec. 6213(b)(1) and (2). A mathematical error includes an entry on the return of a deduction or credit in an amount which exceeds a statutory limit expressed as a percentage. Sec. 6213(g)(2)(E)(ii). Any additional tax due as a result of an overstated prepayment credit is assessed and collected in the same manner as a mathematical error, with the exception that the taxpayer does not have an opportunity to request an abatement of this assessment. Secs. 6201(a)(3), 6213(h)(1).

Respondent may also summarily assess and collect certain additions to tax and civil penalties. Specifically, respondent can immediately assess and collect the addition to tax under section 6651(a)(1) and (2) if such additions are determined (i.e., measured) by the amount of tax shown on the taxpayer's return and the addition to tax under section 6654 if a return is filed. Sec. 6665(b); *Fendler v. Commissioner*, 441 F.2d 1101 (9th Cir. 1971); *Estate of DiRezza v.*

*Commissioner,* 78 T.C. 19 (1982). Respondent may also immediately assess and collect the civil penalty under section 6682(a) for providing false information with respect to withholding of income taxes. Sec. 6682(c).

The above-described summary assessments are assessments not subject to the deficiency procedures and are beyond the scope of this Court's jurisdiction, and no action or proceeding may be commenced to enjoin respondent's actions. See secs. 6211, 6212, 6213, 7421(a).

The procedures relating to the assessment and collection of a deficiency are quite different. In general, the term "deficiency" is defined as the amount by which the tax imposed exceeds the sum of the amount of tax shown on the return and the amount of tax previously assessed. Sec. 6211(a); *White v. Commissioner,* 95 T.C. 209, 213 (1990). An addition to tax under section 6651(a)(1) which is attributable to (i.e., measured by) a deficiency in tax is treated as a deficiency for this purpose. Sec. 6665(b); *Odend'hal v. Commissioner,* 95 T.C. 617, 621 (1990); *Estate of DiRezza v. Commissioner, supra.*

Section 6213(a) provides that respondent generally is precluded from assessing or collecting a deficiency until after the mailing of a notice of deficiency authorized by section 6212 and the expiration of the period for filing a timely petition for redetermination. *Powell v. Commissioner,* 96 T.C. 707, 710 (1991). If the taxpayer does file a petition with this Court, respondent is further precluded under section 6213(a) from assessing or collecting the deficiency until the decision of this Court becomes final. *Powell v. Commissioner, supra* at 710-711; see also sec. 6215(a).

With respect to this Court's jurisdiction to restrain assessment and collection of a deficiency, section 6213(a) (as amended by section 6243(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3749) provides in part:

Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in * * * the Tax Court. *The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.*[Emphasis added.]

Thus, our jurisdiction to enjoin respondent's collection activities in this case turns on whether respondent is attempting to collect the same deficiencies that are properly the subject of the timely filed petition pending before us. *Powell v. Commissioner, supra* at 711. For the reasons set out below, we conclude that respondent is not attempting to collect the deficiencies that are properly pending before us.

Petitioners filed delinquent original returns and amended returns for the years 1980, 1981, and 1982. Although they reported income tax owing for the years in question, they failed to remit any payments with their returns. Upon receipt of each return, respondent summarily assessed and is now attempting to collect the amount of taxes that were shown due by petitioners for each of the years in question. Sec. 6201(a). Respondent also summarily assessed and is now attempting to collect: (1) An increase in petitioners' 1981 and 1982 tax liability based upon a computational (mathematical) correction of a claimed charitable contribution that exceeded the 50-percent adjusted gross income limitation of section 170(b) (see sec. 6213(b)(1), (g)(2)(E)(ii)); (2) an increase in petitioners' 1980, 1981, and 1982 tax liabilities based upon the disallowance of a claimed prepayment credit (see secs. 6201(a)(3), 6213(h)(1)); (3) an addition to tax under section 6651(a)(2) for 1980 and section 6651(a)(1) for 1981 that was determined by the amount of tax computed and shown due on petitioners' delinquently filed returns (see sec. 6665(b); *Estate of DiRezza v. Commissioner, supra*); and (4) a civil penalty under section 6682(a) for providing false information with respect to withholding of income tax for 1981 (see sec. 6682(c)).

The collection activities sought to be enjoined by petitioners relate in part to the above-described summary assessments by respondent. Because such activity does not relate to any deficiencies that are validly pending in the petition before us, we lack jurisdiction under section 6213(a) to enjoin respondent's collection activities. *Powell v. Commissioner, supra.*

Petitioners, however, also seek to enjoin respondent from collecting the additions to tax under section 6654 for 1980, 1981, and 1982 and the addition to tax under section 6651(a)(1) for 1982 that respondent included in his notice of

deficiency and that petitioners contested in their petition. Respondent concedes that he is attempting to collect these additions to tax. Respondent asserts, however, that he is authorized under section 6665(b) to summarily assess and collect (1) the addition to tax under section 6654 for 1980, 1981, and 1982 because petitioners filed an income tax return for each year; and (2) the addition to tax under section 6651(a)(1) for 1982 because such addition was determined by the amount of tax computed and shown due on petitioners' delinquently filed return.

We agree with respondent's interpretation of section 6665(b). An addition to tax under section 6651(a)(1) is not subject to the deficiency procedures if such addition is determined (i.e., measured) by the amount of tax shown on the taxpayer's return. Likewise, the addition to tax under section 6654 is not subject to the deficiency procedures if a return is filed. *Fendler v. Commissioner, supra; Estate of DiRezza v. Commissioner, supra.*

Respondent's inclusion of the additions to tax under sections 6651(a)(1) and 6654 in the deficiency notice, however, raises a jurisdictional question to which we next must turn. Having concluded that the additions to tax in question are not subject to the deficiency procedures, it follows that we lack jurisdiction over such items. Sec. 6213; *Estate of DiRezza v. Commissioner, supra.* We note that while it appears to be respondent's position that we lack jurisdiction to redetermine the additions to tax in question, respondent has not filed a jurisdictional motion in this case. We must therefore on our own motion dismiss this case for lack of jurisdiction and strike as it relates to sections 6651(a)(1) and 6654. See *Powell v. Commissioner, supra* at 712; *Smith v. Commissioner,* 96 T.C. 10, 13-14 (1991). As a result of our dismissing this case for lack of jurisdiction as it relates to the additions to tax under sections 6651(a)(1) and 6654, it follows that we lack jurisdiction under section 6213(a) to enjoin respondent from collecting such amounts.

In short, the outstanding income tax liabilities that respondent is attempting to collect are based upon assessments of taxes computed and shown due on petitioners' delinquently filed original and amended income tax returns for the years 1980 through 1982 and as such are not subject

to the deficiency procedures. Respondent's collection activities do not relate to any deficiencies that are validly the subject of the petition pending before us. We therefore have no authority under section 6213(a) to grant petitioners the relief they seek. *Powell v. Commissioner, supra.* Accordingly, petitioners' motion for an order enjoining respondent from collection activities must be denied.

To reflect the foregoing,

*Appropriate orders will be issued.*