T.C. Summary Opinion 2001-118


UNITED STATES TAX COURT


JOHN J. ZANATH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15294-99S.          Filed July 31, 2001.


John J. Zanath, pro se.

<u>Julia L. Wahl</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

For the taxable year 1996, respondent determined a deficiency in petitioner's Federal income tax of $3,371, an addition to tax under section 6654(a) of $181.49, and additions to tax under section 6651(a)(1) and (2) of $758.47 and $370.81.

The issues for decision are: (1) Whether petitioner is entitled to deduct a net operating loss (NOL) carryover of $7,367.70; (2) whether petitioner is entitled to a deduction for employee business expenses of $19,105.30; (3) whether petitioner is liable for the addition to tax under section 6654(a); and (4) whether petitioner is liable for the additions to tax under section 6651(a)(1) and (2).

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Aliquippa, Pennsylvania, on the date the petition was filed in this case.

During the year in issue, petitioner was hired as a computer systems contract engineer with Tech-Power, Inc., located in Minneapolis, Minnesota. Tech-Power arranged for petitioner to provide engineering services to United Defense Limited Partnership, also in Minneapolis, from December 11, 1995 through April 16, 1996. Petitioner was responsible for developing computer based training materials for United Defense. Tech-Power issued a Form W-2, Wage and Tax Statement, to petitioner for 1996

indicating he earned wages of $24,800.  No Federal income tax was withheld from petitioner's pay in accordance with the Form W-4, Employee's Withholding Allowance Certificate, completed by petitioner indicating that he was "exempt".  Neither Tech-Power nor United Defense required petitioner to attend educational courses or purchase supplies or equipment as a condition of his employment.  Petitioner received unemployment compensation from the State of Colorado in 1996, which was mailed to him at an address in Illinois.  Also during 1996, petitioner stored personal belongings at a storage facility in Iowa.

Petitioner did not file a Federal income tax return for taxable year 1995.  For taxable year 1996, he did not file a return prior to the time respondent issued him a statutory notice of deficiency for that year.  Although only what appears to be the cover page of the notice of deficiency is in the record, respondent explains the deficiency in his trial memorandum as resulting from wage income of $24,800 and unemployment compensation of $4,223.[1]  On October 12, 2000, after filing the

---

[1]Although we do not have before us the basis of respondent's determinations in the notice of deficiency, both parties agree as to what issues are before the Court.  Furthermore, it is evident that respondent's calculation of petitioner's tax liability was determined as follows:

| | |
|---|---|
| Wages | $24,800.00 |
| Unemployment compensation | 4,223.00 |
| Standard deduction | (4,000.00) |
| Personal exemption | (2,550.00) |
| Taxable income | 22,473.00 |
| Tax (from 1996 tax table) | 3,371.00 |

(continued...)

original petition in this case, petitioner filed a Federal income tax return for taxable year 1996.  He reported the following income and claimed the following deductions:

| | |
|---|---|
| Wages | $24,800.00 |
| Unemployment compensation | 4,223.00 |
| NOL carryover | (7,367.70) |
| Itemized deductions | (19,105.30) |
| Personal exemption | (2,550.00) |
| Taxable income | -0- |

The itemized deductions consist solely of an employee business expense deduction comprised of the following, listed as characterized by petitioner:

| | |
|---|---|
| Education | $7,472.56 |
| Domestic | 639.61 |
| Rent | 4,890.23 |
| Phone (lowball est.-2 checks only) | 141.40 |
| Utilities (power) | 94.36 |
| Postal | 113.15* |
| Xerox, printing | 37.39* |
| Computer related (professional) | 470.00* |
| Stationery/office supplies | 716.11 |
| Books, etc. (business related) | 302.58* |
| Misc. fees | 23.64* |
| Misc. major (ministorage) | 195.07* |
| AT&T MC phone bills | 130.46 |
| Misc. mileage (3 MN-IA round trips + MN-PA return, 3,618 @ .31) | 1,121.58* |
| Auto mileage (2,340 @ .31) | 725.40* |
| Travel-related (tolls, parking, truck for moving) | 344.45* |
| Bus. lodging | 212.42* |
| Food (91 days @ 34/day; 19 days @ 38/day) | 3,816.00* |
| Less 50 percent of food | (1,908.00) |
| Less 2 percent of adjusted gross income | (433.11) |
| | 19,105.30 |

*Respondent does not challenge petitioner's substantiation of these amounts.

_____

[1](...continued)
The tax from this calculation exactly matches the amount of the deficiency determined by respondent.  Petitioner admits receiving the amount of income determined by respondent; the remainder of respondent's deficiency determination is essentially computational.

- 5 -

The first issue for decision is whether petitioner is entitled to deduct an NOL carryover of $7,367.70.  Generally, NOL carryovers are allowed as deductions under section 172(a).

A taxpayer generally must keep records sufficient to establish the amounts of the items reported on his Federal income tax return.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. However, in the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Section 274(d) supersedes the Cohan doctrine.  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969).  Section 274(d) provides that, unless the taxpayer complies with certain strict substantiation rules, no deduction is allowable (1) for traveling expenses, (2) for entertainment expenses, (3) for expenses for gifts, or (4) with respect to listed property.  Listed property includes passenger automobiles and other property used as a means of transportation.  Sec.

280F(d)(4).  To meet the strict substantiation requirements, the taxpayer must substantiate the amount, time, place, and business purpose of the expenses.  Sec. 274(d); sec. 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46006 (Nov. 6, 1985).

Petitioner presented no substantiation of the NOL, which he argued was carried forward from a prior year.  Pursuant to section 172(b), a taxpayer can carry an NOL back 2 years and any remaining loss forward 20 years, unless an election is made to waive the carryback.  Although petitioner did provide copies of tax returns from prior years, these returns merely contain assertions made by petitioner and do not substantiate either that an NOL was sustained or that any amount was available to carry forward.  Petitioner made statements at trial indicating he concedes this issue.  With or without such a concession, we hold that petitioner is not entitled to a deduction for an NOL carryover.

The second issue for decision is whether petitioner is entitled to a deduction for employee business expenses of $19,105.30.  As a general rule, ordinary and necessary business expenses are deductible in the year paid, while personal, family, and living expenses are not deductible.  Secs. 162(a), 262(a). Deductible business expenses may be paid by a taxpayer who is in the trade or business of being an employee.  Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970).  An ordinary expense

is one that relates to a transaction "of common or frequent occurrence in the type of business involved", Deputy v. du Pont, 308 U.S. 488, 495 (1940), and a necessary expense is one that is "appropriate and helpful" for "the development of the petitioner's business," Welch v. Helvering, 290 U.S. 111, 113 (1933).

Respondent has conceded that petitioner incurred a portion of the deducted expenses, but argues that they are not ordinary and necessary business expenses. To substantiate the remaining expenses, petitioner presented checks and check duplicates in amounts totaling $4,481.42 for payments for rent, utilities, and office supplies. In addition, he provided credit card statements on which he made notations indicating the types of certain expenses, such as gas, lodging, or phone calls. However, assuming arguendo that we would accept these documents as adequate substantiation, we find that these expenses (and those expenses for which respondent has not challenged substantiation) are not ordinary and necessary business expenses. Petitioner's vague and uncertain testimony provided no connection between the expenses and petitioner's employment, and it is evident that many if not all of the expenses are of an inherently personal nature, nondeductible under section 262(a).

Petitioner argues that his employment in Minnesota was temporary, and that many of the expenses he incurred and claimed

as deductions were incurred while traveling away from his tax home.  He asserts that his "lifetime homestead" is at his parents' residence in Aliquippa.  Section 162(a) allows as a deduction "traveling expenses * * * while away from home in the pursuit of a trade or business".  An individual's tax home under this provision generally is the individual's principal place of business, not the location of his personal residence.  Mitchell v. Commissioner, 74 T.C. 578, 581 (1980).  An exception exists under which an individual's tax home is his personal residence if his principal place of business is temporary rather than indefinite.  Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958).  However, as this Court has previously stated:

> An obvious precondition to petitioner's being "away from home" is that he have a home to be away from.  In the context of section 162(a)(2), petitioner must show that he incurred substantial living expenses at a permanent residence.  This requirement is in accord with the purpose underlying section 162(a)(2), to mitigate the burden falling upon a taxpayer who, because of the exigencies of his or her trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses.

Lichtenberger v. Commissioner, T.C. Memo. 1985-370, affd. without published opinion 789 F.2d 919 (7th Cir. 1986).

Petitioner's employment was apparently temporary.  However, we find that he did not have a tax home in Aliquippa within the context of section 162(a)(2) because he did not incur substantial living expenses while there.  On the contrary, his presence there was purely personal in nature, and his parents, not petitioner,

maintained the residence.  See id.  He testified that his "rent arrangements are nominal," and that he provides help around the house for his elderly parents.  Any expenses petitioner incurred while away from Aliquippa in 1996 were not traveling expenses within the meaning of section 162(a)(2) and are not deductible thereunder.  See id.

We hold that petitioner is not entitled to a deduction in any amount for employee business expenses.

The third issue for decision is whether petitioner is liable for the section 6654(a) addition to tax for failure to make estimated Federal income tax payments for 1996.  This Court has jurisdiction to review respondent's determination of this addition to tax only if the taxpayer does not file a return for the taxable year.  Sec. 6665(b)(2); Meyer v. Commissioner, 97 T.C. 555, 562 (1991).  In this case, petitioner did not file the return until after the petition had been filed.  However, the stipulation clearly states petitioner did file the return on October 12, 2000, and a copy of the return is attached to the stipulation as an exhibit.  We therefore lack jurisdiction over this issue and cannot review respondent's determination in this regard.

The final issue for decision is whether petitioner is liable for the section 6651(a)(1) and (2) additions to tax for failure to file a return and pay the tax shown thereon.  Paragraph (1) of

section 6651(a) imposes an addition to tax for failure to timely file a return, and paragraph (2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return.  If a taxpayer fails to file a return, the paragraph (2) addition to tax may be calculated based upon the tax shown on the return prepared by the Secretary pursuant to section 6020(b).  Sec. 6651(g)(2).

A taxpayer may avoid the additions to tax under one or both paragraphs if he establishes that the failure to timely file and/or pay is due to reasonable cause and not due to willful neglect.  "Reasonable cause" requires the taxpayer to demonstrate that he exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985).  "Willful neglect" means a conscious, intentional failure or reckless indifference.  Id. at 245.

Petitioner did not file a return for taxable year 1996 until October 12, 2000.  Petitioner's explanation for the failure to file is that he honestly believed he owed no taxes because he assumed an NOL carryover was available.  However, petitioner did not file a return in 1995, making this assumption uncertain at best and unreasonable in any case.  We hold that petitioner is liable for the addition to tax under section 6651(a)(1).

Petitioner, however, is not liable for the addition to tax under section 6651(a)(2). This addition to tax must be based upon a tax liability shown on a return--a return either filed by the taxpayer or filed by the Secretary pursuant to section 6020(b). Sec. 6651(a)(2), (g)(2). There is nothing in the record to indicate that the Secretary prepared such a return,[2] and the addition to tax cannot be based on petitioner's filed return because the return reflects a zero tax liability.

The addition to tax under section 6651(a)(1) generally is equal to 5 percent of the amount of tax required to be shown on the return for each month or portion thereof for which the delinquency in filing continues, up to a maximum of 25 percent. The amount of the addition to tax under section 6651(a)(1) generally is reduced by the amount of the addition to tax under section 6651(a)(2) with respect to each month in which both are otherwise applicable. Sec. 6651(c)(1). Because petitioner filed his return over 3 years late, he is liable for the section 6651(a)(1) addition to tax in the maximum amount of 25 percent, or $842.75. This amount is greater than the amount determined by respondent because, due to our holding that petitioner is not

---

[2]A notice of deficiency may be issued without a return having been filed pursuant to sec. 6020(b). Secs. 6211(a), 6212(a); Roat v. Commissioner, 847 F.2d 1379 (9th Cir. 1988), affg. on this issue an Order of this Court.

liable for the section 6651(a)(2) addition to tax, section 6651(c)(1) is no longer applicable.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An order will be entered dismissing this case for lack of jurisdiction as to the section 6654(a) addition to tax, and decision will be entered for petitioner as to the section 6651(a)(1) addition to tax and for respondent as to the deficiency and the increased section 6651(a)(2) addition to tax.