T.C. Summary Opinion 2001-144


UNITED STATES TAX COURT


JOHN R. HERNANDEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3792-00S.                    Filed September 18, 2001.


John R. Hernandez, pro se.

<u>Ross M. Greenberg</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies, additions to tax, and penalties as follows:

| Year | Deficiency | Additions to Tax | | Penalty |
| | | Sec. 6651(a)(1) | Sec. 6654 | Sec. 6662(a) |
|---|---|---|---|---|
| 1993 | $16,422 | $3,584.25 | $591.02 | --- |
| 1995 | 5,591 | 1,393.75 | --- | $1,118.20 |
| 1996 | 2,434 | 466.25 | --- | 486.80 |
| 1997 | 287 | --- | --- | 57.40 |

After concessions,[1] the issues for decision are: (1) Whether interest income realized upon the redemption of tax certificates is attributable to petitioner; (2) whether petitioner is entitled to deductions related to rental properties for tax years 1995, 1996, and 1997; (3) whether petitioner is entitled to various deductions on Schedule A for tax year 1995; (4) whether petitioner is entitled to head-of-household filing status for tax year 1996; (5) whether petitioner is liable for the additions to tax under section 6651(a)(1) for tax years 1993, 1995, and 1996; (6) whether petitioner is liable for the addition to tax under section 6654 for tax year 1993; and (7) whether petitioner is

---

[1]   For tax year 1993, respondent conceded that petitioner is entitled to the filing status of married filing jointly and is entitled to two exemptions for himself and his wife.  Petitioner conceded that he failed to report pension income of $4,925 and wages of $16,006.

For taxable year 1995, respondent conceded that petitioner is entitled to deduct charitable contributions of $1,651. Respondent also conceded that petitioner is entitled to miscellaneous itemized deductions of $2,276 on Schedule A, Itemized Deductions, for taxable year 1997.

liable for the accuracy-related penalties under section 6662(a) for tax years 1995, 1996, and 1997.[2]

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing his petition, petitioner resided in Saint Leo, Florida.

Prior to his retirement, petitioner was a certified public accountant, and he owned an accounting service. Petitioner's wife, Oneta Hernandez (Mrs. Hernandez), became ill in 1990 and died in 1995.

During the years at issue, petitioner purchased numerous tax certificates sold by Pasco County, Florida (tax certificates). For a thorough discussion regarding the details of the tax certificates, see Hernandez v. Commissioner, T.C. Memo. 1998-46. Petitioner received checks for the interest paid on the redemption of the certificates. Petitioner and Mrs. Hernandez negotiated the checks and deposited the amounts into a credit union account. Petitioner also owned a house in the Bahamas during the years in issue.

---

[2] The notices of deficiency contain adjustments to petitioner's Social Security income, itemized deductions, and net operating losses. These are computational adjustments which will be affected by the outcome of the other issues to be decided, and we do not separately address them.

Eric, petitioner's grandson, moved in with petitioner in the latter half of 1996. Eric's parents paid for all of Eric's clothing. Petitioner paid for Eric's food and gave Eric presents.

Petitioner did not file a Federal income tax return for 1993.

Petitioner filed his 1995 return on June 29, 1998. Petitioner deducted $4,135 for investment interest and $6,129 for other expenses on Schedule A, Itemized Deductions. Petitioner also reported on Schedule E, Supplemental Income and Loss, a loss of $10,202 related to the house in the Bahamas.

Petitioner filed his 1996 return claiming head-of-household filing status on August 3, 1998. Petitioner reported a loss of $10,758 on Schedule E related to the house in the Bahamas.

Petitioner timely filed his 1997 return. Petitioner reported a loss of $10,333 on Schedule E related to the house in the Bahamas.

Respondent mailed a notice of deficiency to petitioner on January 7, 2000, for tax years 1993, 1996, and 1997, and a separate notice on the same day for tax year 1995. Respondent determined that petitioner failed to report interest income from the tax certificates of $49,805, $19,249, $14,656, and $6,603 for 1993, 1995, 1996, and 1997, respectively. Respondent asserts

that income from the tax certificates is taxable to petitioner, citing Hernandez v. Commissioner, supra.

As to tax year 1995, respondent disallowed deductions for investment interest and other expenses on Schedule A, as petitioner failed to substantiate these deductions. For tax year 1996, respondent determined that petitioner's filing status should be single, asserting that petitioner did not qualify for head-of-household filing status.

Respondent determined that petitioner was liable for additions to tax under section 6651(a)(1) for tax years 1993, 1995, and 1996. Respondent also determined that petitioner was liable for an addition to tax under section 6654 for tax year 1993, and accuracy-related penalties under section 6662(a) for tax years 1995, 1996, and 1997.

Petitioner disputes all of respondent's determinations. Petitioner argues that interest from the tax certificates is not taxable, and, even if it is taxable, the interest income belongs to his clients.

Discussion

1. Tax Certificates

Petitioner is not a stranger to this Court. In both Hernandez v. Commissioner, T.C. Memo. 1998-46 (regarding tax years 1990, 1991, and 1992) (Hernandez I) and Hernandez v. Commissioner, T.C. Summary Opinion 2001-9 (regarding tax year

1994) (Hernandez II), we dealt with similar facts regarding whether interest paid on the redemption of tax certificates sold by Pasco County, Florida, for delinquent taxes owed on real property is excluded from gross income.  In both cases, we held that the interest is not excluded from gross income under section 103 because the tax certificates are not obligations of a State or political subdivision.  Hernandez v. Commissioner, T.C. Memo. 1998-46.  We follow our prior holdings, and we sustain respondent's determination that interest from the tax certificates is includable in income under section 61(a)(4).

In Hernandez I and II, petitioner argued that he purchased the tax certificates at auction on behalf of other people.  At both trials, petitioner failed to present witnesses and documents to support his arguments, and we held that petitioner must include the interest as his income.

In this case, petitioner also asserted that the tax certificates were purchased on behalf of third parties.  Vincent Hernandez (Vincent), petitioner's brother, testified generally that he began investing in tax certificates through petitioner in 1984.  Vincent also testified that all of the interest income he received through petitioner was deposited in Vincent's account, and that Vincent reported all of the interest income on his Federal income tax return.  Vincent did not produce any of his tax returns, bank statements, or other documents to lend credence

to his testimony. We are not required to rely upon self-serving testimony. Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We do not find Vincent's testimony to be credible.

There are no agreements or other written documentation that petitioner received the income in question as a nominee, agent, or conduit for others. Petitioner also failed to provide any credible evidence that any of the interest income was transferred to other individuals, and that the individuals reported the income on their Federal income tax returns.

Yet again, petitioner failed to corroborate his story. For the same reasons as in Hernandez I and II, we sustain respondent's determination for 1993, 1995, 1996, and 1997 that the interest income from the tax certificates is includable in petitioner's income under section 61(a)(4).

### 2. Rental Property Expenses

Petitioner deducted $10,202, $10,758, and $10,333 for tax years 1995, 1996, and 1997, respectively, related to a property in the Bahamas. Petitioner claimed at trial that he held the property for rental purposes, although he did not rent the property during the years at issue. Further, petitioner did not report income related to the property during the years at issue. Petitioner failed to produce receipts and records to substantiate his claims.

Section 212 provides a deduction for all ordinary and necessary expenses paid or incurred with respect to management, conservation, and maintenance of property held for the production of income, including real property rental. Sec. 1.212-1(h), Income Tax Regs. Since the record is void of adequate receipts or records that would substantiate petitioner's claimed expenses, we sustain respondent's determination.[3]

### 3. Schedule A Deductions for 1995

In 1995, petitioner deducted $4,135 for investment interest on Schedule A. Petitioner attributed the amount to disallowed investment interest from taxable year 1994.

In the case of a cash basis taxpayer, section 163(a) allows for a deduction of all interest paid during the taxable year. Individual taxpayers are not permitted to deduct personal interest. Sec. 163(h)(1). Personal interest does not include investment interest. Sec. 163(h)(2)(B). Investment interest is any interest allowable as a deduction which is paid or accrued on indebtedness properly allocable to property held for investment. Sec. 163(d)(3)(A). A taxpayer may deduct investment interest up to the amount of net investment income. Sec. 163(d)(1).

Petitioner did not establish that investment interest was disallowed from 1994, nor did he establish that he paid

---

[3] Even if petitioner had produced receipts and records to support his deductions, petitioner did not hold the Bahamas property for the production of income. Secs. 183(a), (c); 212.

investment interest in 1995. We therefore sustain respondent's determination.

Petitioner also deducted other expenses of $6,129 on Schedule A in 1995. At trial, petitioner argued that this amount arose from an ordinary loss reported on Schedule K-1, Partner's Share of Income, Credits, Deductions, Etc., issued by Turtle Futures Fund, L.P. However, petitioner also deducted the ordinary loss on Schedule E, thereby giving petitioner two deductions for the same expense. Petitioner did not establish that he incurred other expenses of $6,129, and we sustain respondent's determination.

### 4. Filing Status

In order to qualify for head-of-household filing status, a taxpayer must satisfy the requirements of section 2(b). Pursuant to that section, and as relevant herein, an individual qualifies as a head of household if the individual is not married at the close of the taxable year and maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode of a descendant of a son or daughter of the taxpayer. Sec. 2(b)(1)(A)(i). A taxpayer is considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by the taxpayer. Sec. 2(b)(1) (flush language). The expenses of maintaining a household include food consumed on the premises,

but do not include the cost of clothing. Sec. 1.2-2(d), Income Tax Regs.

Petitioner testified that he paid for some of Eric's expenses, such as food and presents, but Eric's parents paid for Eric's clothing and other expenses. He testified further that Eric moved in with him in the latter part of 1996. Petitioner failed to establish that his home constituted Eric's principal place of abode for more than one-half of the year. Therefore, we sustain respondent's determination.

5. Section 6651(a) Additions To Tax

Respondent determined that petitioner is liable for the addition to tax under section 6651(a) for failure to file a timely return for each of the 1993, 1995, and 1996 taxable years.

Section 6651(a)(1) provides for an addition to tax for failure to file a timely return. The addition to tax is equal to 5 percent of the amount required to be shown as tax on the return, with an additional 5 percent for each additional month or fraction thereof that the return is filed late, not exceeding 25 percent in the aggregate.

A taxpayer may avoid the addition to tax by establishing that the failure to file a timely return was due to reasonable cause and not willful neglect. Rule 142(a); United States v. Boyle, 469 U.S. 241, 245-246 (1985). A failure to file is due to "reasonable cause" if the taxpayer exercised ordinary business

care and prudence and was, nevertheless, unable to file his return within the date prescribed by law. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); Estate of Vriniotis v. Commissioner, 79 T.C. 298, 310 (1982); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect is viewed as a conscious, intentional failure or reckless indifference to the obligation to file. United States v. Boyle, supra.

Petitioner never filed a return for 1993. Petitioner filed his 1995 return on June 29, 1998, and his 1996 return on August 3, 1998. Petitioner vaguely alluded to an illness in his petition as a reason for his failure to timely file. Otherwise, petitioner has not provided any explanation for the late filings of the returns. Petitioner has not established his late filings of his 1993, 1995, and 1996 Federal income tax returns were due to reasonable cause and not willful neglect. Accordingly, we hold petitioner is liable for the additions to tax under section 6651(a).

### 6. Section 6654(a) Addition to Tax

Section 6654(a) imposes an addition to tax in the case of any underpayment of estimated tax by an individual. This Court has jurisdiction to review respondent's determination of this addition to tax only if the taxpayer does not file a return for the taxable year. Sec. 6665(b)(2); Meyer v. Commissioner, 97 T.C. 555, 562 (1991). Petitioner failed to file a return for the

1993 taxable year.  We therefore have jurisdiction to determine whether petitioner is liable for the addition to tax under section 6654(a).

Unless a statutory exception applies, the addition to tax under section 6654(a) is mandatory.  Sec. 6654(a), (e); <u>Recklitis v. Commissioner</u>, 91 T.C. 874, 913 (1988); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980); <u>Estate of Ruben v. Commissioner</u>, 33 T.C. 1071, 1072 (1960).  None of the statutory exceptions under section 6654(e) applies in this case.  Nor has petitioner presented any arguments regarding this issue.  We sustain respondent's determination.

## 7. Accuracy-Related Penalties

Respondent determined petitioner is liable for accuracy-related penalties under section 6662(a) for 1995, 1996, and 1997. The accuracy-related penalty is equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1). "Negligence" consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and also includes any failure to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); 1.6662-3(b)(1), Income Tax Regs.  "Disregard" consists of any careless, reckless, or intentional disregard.  Sec. 6662(c).

An exception applies to the accuracy-related penalty when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) he acted in good faith with respect to such underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Section 1.6664-4(b)(1), Income Tax Regs., specifically provides: "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of * * * the experience, knowledge, and education of the taxpayer." See Neely v. Commissioner, 85 T.C. 934 (1985).

It is the taxpayer's responsibility to establish that he is not liable for the accuracy-related penalty imposed by section 6662(a). Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989). Petitioner did not address this issue at trial. Petitioner claimed deductions that he failed to explain or substantiate. Petitioner is an accountant who presumably should be familiar with the provisions of the Internal Revenue Code applicable to his case; yet he did not follow the applicable law in preparing his Federal income tax returns. On the basis of the entire record, we conclude petitioner has not established that

the underpayments were due to reasonable cause or that he acted in good faith.  Accordingly, we hold petitioner is liable for the accuracy-related penalties.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.