T.C. Memo. 2002-265

UNITED STATES TAX COURT

EDWARD T. O'TOOLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2235-00.                    Filed October 15, 2002.

Edward T. O'Toole, pro se.

<u>C. Teddy Li</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined that petitioner Edward
T. O'Toole is liable for deficiencies and additions to tax as
follows:

| Year | Deficiency | Additions to tax | |
| | | Sec. 6651 | Sec. 6654 |
| --- | --- | --- | --- |
| 1993 | $2,441 | $507 | $83.05 |
| 1994 | 1,894 | 126.75 | 18.31 |
| 1995 | 4,808 | 852.50 | 176.50 |
| 1996 | 8,307 | 1,732.75 | 360.76 |
| 1997 | 2,786 | 364 | 69.99 |

The issues for decision are:

1.  Whether petitioner bears the burden of proof as to respondent's deficiency determinations.  We hold that he does.

2.  Whether petitioner had unreported income of $21,733 in 1993, $18,252 in 1994, $32,014 in 1995, $44,866 in 1996, and $24,650 in 1997.  We hold that he did, except we hold that he had unreported income of $17,430 in 1993.

3.  Whether petitioner is liable for the additions to tax for failure to file income tax returns and failure to pay estimated tax for the years in issue.  We hold that he is.

Unless otherwise specified, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

A.  Petitioner

Petitioner resided in Glyndon, Maryland, when he filed his petition in this case.  Petitioner retired in 1986.

B.  Petitioner's Income

Petitioner received the following amounts of pension income during the years in issue:

| Payer | 1993 | 1994 | 1995 | 1996 | 1997 |
|-------|------|------|------|------|------|
| Maryland State Retirement System | $766 | $1,839 | $1,863 | $1,914 | $1,969 |
| U.S. Office of Personnel & Management | 12,864 | 13,107 | 13,130 | 12,807 | 13,260 |
| Total | 13,630 | 14,946 | 14,993 | 14,721 | 15,229 |

Petitioner received the following amounts of dividend income during the years in issue:

| Payer | 1993 | 1994 | 1995 | 1996 | 1997 |
|-------|------|------|------|------|------|
| ACM Government Spectrum Fund | $572 | $725 | $646 | $568 | -- |
| Avalon Properties | 17 | 108 | 146 | 149 | $153 |
| Balt. Gas & Elec. | 63 | 66 | 69 | 69 | 72 |
| Baltimore Bancorp | 1 | 10 | -- | -- | -- |
| Capital One Financial Corp. | -- | -- | 21 | 30 | 30 |
| Central Maine Power Co. | 62 | 36 | 36 | 36 | 36 |
| PSI Energy, Inc. | 128 | 186 | 186 | 186 | 186 |
| SCANA Corp. | 120 | 126 | 126 | 129 | 135 |
| Signet Banking Corp. | 75 | 96 | 75 | 75 | 60 |
| Total | 1,038 | 1,353 | 1,305 | 1,242 | 672 |

Petitioner received the following amounts of interest income during the years in issue:

| Payer | 1993 | 1994 | 1995 | 1996 | 1997 |
|-------|------|------|------|------|------|
| 1st Mariner Bank | -- | -- | $261 | $117 | -- |
| American National Bank | $11 | $15 | 16 | 4 | -- |

| | | | | |
|---|---|---|---|---|
| Baltimore County Savings Bank | 426 | 104 | 137 | 43 | -- |
| Bradford Federal Savings Bank | 28 | 32 | 34 | 12 | -- |
| Crestar Bank | -- | -- | -- | 13 | -- |
| Eastern Savings Bank | 5 | 3 | 8 | 2 | -- |
| Fairfax Savings Bank | -- | 20 | 38 | 16 | -- |
| First National Bank | -- | -- | -- | 1 | -- |
| Garibaldi Federal Savings Bank | 567 | -- | -- | -- | -- |
| Hamilton Federal Savings & Loan | 19 | 23 | 31 | 11 | -- |
| Household Bank F.S.B. | 58 | -- | -- | -- | -- |
| Internal Revenue Service | 224 | -- | -- | -- | -- |
| Loyola Federal Savings Bank | 71 | 65 | 73 | -- | -- |
| Marylands Bank F.S.B. | -- | 323 | -- | -- | -- |
| MBNA America | 12 | 17 | 27 | 9 | -- |
| Mercantile Safe Deposit & Trust | 21 | -- | -- | -- | -- |
| Northfield Federal Savings | 150 | 21 | 20 | 4 | -- |
| Provident Bank of Maryland | 55 | 48 | 57 | 20 | -- |
| Sparks State Bank | 23 | 110 | -- | -- | -- |
| Washington Federal Savings Bank | -- | 10 | 6 | -- | -- |
| Total | 1,670 | 791 | 708 | 252 | -- |

Petitioner received winnings of $1,092 from the Maryland State Lottery in 1993. Petitioner received capital gain income

of $1,162 from the sale of stocks and bonds in 1994. Petitioner received Social Security benefits of $15,008 in 1995, $8,502 in 1996, and $8,749 in 1997.

## C. Petitioner's Income Tax Returns

Petitioner did not file income tax returns for the years in issue. He had the following amounts of income tax withheld from various pension, dividends, and interest payments: $413 in 1993; $1,387 in 1994; $1,398 in 1995; $1,376 in 1996; and $1,330 in 1997.

OPINION

## A. Whether Petitioner Bears the Burden of Proof

Petitioner contends that respondent bears the burden of proof under section 7491(a).[1] We disagree.

---

[1] Sec. 7491 provides in pertinent part:

SEC. 7491. BURDEN OF PROOF.

(a) Burden Shifts Where Taxpayer Produces Credible Evidence.--

(1) General Rule.--If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.

(2) Limitations.--Paragraph (1) shall apply with respect to an issue only if--

(A) the taxpayer has complied with the requirements under this title to substantiate any

(continued...)

Taxpayers bear the burden of proving that section 7491 applies. H. Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 993; S. Rept. 105-174, at 45 (1998), 1998-3 C.B. 537, 581. Section 7491 applies to court proceedings arising in connection with examinations beginning after July 22, 1998. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(a), 112 Stat. 726. On September 11, 1996, respondent requested transcripts of reports from third parties showing amounts paid to petitioner. Absent contrary evidence, we infer from this fact that the examination in this case began before July 22, 1998. Thus, section 7491 does not apply, the notice of deficiency is presumed to be correct, and petitioner bears the burden of proving that respondent's determination is incorrect. Sec. 7491(a); Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).[2]

---

[1](...continued)
        item;

        (B) the taxpayer has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews; * * *.

[2] However, at par. B-3, below, we conclude that respondent bears the burden of producing evidence that petitioner received wage income in 1993.

Petitioner contends that respondent bears the burden of proof on the grounds that he is innocent until proven guilty. Petitioner incorrectly relies on the burden of proof that applies to a criminal case.

B.   Whether Petitioner Had Unreported Income in the Amounts Determined by Respondent

Petitioner contests respondent's determination that petitioner had unreported income of $21,733 in 1993, $18,252 in 1994, $32,014 in 1995, $44,866 in 1996, and $24,650 in 1997.   We disagree with petitioner for reasons discussed next.

1.   Petitioner's Contentions Regarding All Years in Issue

Petitioner contends that respondent erroneously determined that petitioner is taxable on income reported on several Forms 1099 which misspelled or failed to include an apostrophe in his name.   We disagree because petitioner's Social Security number appears on all of the Forms 1099 at issue.

Petitioner points out that respondent withdrew or did not offer into evidence all of the exhibits identified in respondent's pretrial memorandum.   Petitioner contends that this shows that respondent's determination is incorrect.   We disagree. Respondent's decision not to offer documents into evidence does not benefit petitioner because petitioner bears the burden of proof.

Petitioner contends that he has no deficiencies in income tax because he deposited more funds with respondent than the amount of taxes respondent contends he owes for the years in issue. We disagree. First, petitioner has not shown that he deposited funds with respondent. Second, the term "deficiency" is generally defined by statute as the difference between the total amount of tax that the Commissioner determines should have been reported on the return and the amount that the taxpayer reported on the return. Sec. 6211(a). The amount of a deficiency is not reduced by amounts of tax deposited by or withheld from the taxpayer.

Petitioner testified that the payments he received from the Federal Government were nontaxable disability payments. His testimony was uncorroborated. We are not convinced that petitioner was paid on account of disability in any of the years in issue.

2.  Whether Petitioner Had $1,092 in Income From Lottery Winnings in 1993

Petitioner contends that he is not taxable on the $1,092 that he won in the lottery in 1993 because he and another individual shared the winnings. Petitioner's claim is unconvincing because he did not identify the other alleged lottery winner or otherwise corroborate his claim.

3.  <u>Whether Petitioner Received Wage Income in 1993</u>

Respondent determined that petitioner received wages of $4,303 in 1993, consisting of $1,867 from Linda Diamon (not otherwise identified in the record) and $2,436 from the State of Maryland - Central Payroll.

Respondent determined that petitioner received wage income in 1993 based on Forms W-2, Wage and Tax Statement, from "Linda Diamon" and the "State of Maryland - Central Payroll".  However, petitioner retired in 1986 and denied receiving any wage income in 1993.  There is no evidence in the record that petitioner received wages in 1993 from Linda Diamon or the State of Maryland, or that petitioner was employed or received wages in 1993.  The Forms W-2 to which respondent refers are not in the record.  There are no entries on petitioner's IRS transcripts for 1993 that refer to Forms W-2 from Linda Diamon or the State of Maryland - Central Payroll.  Respondent called no witness to describe how respondent made the determination that petitioner received wages in 1993, and we believe (or leave no reason to doubt) petitioner's denial that he received wages in 1993.  Cf. <u>Cebollero v. Commissioner</u>, 967 F.2d 986 (4th Cir. 1992), affg. T.C. Memo. 1990-618.  We conclude that petitioner did not receive wage income in 1993 of $1,867 from Linda Diamon and $2,436 from the State of Maryland - Central Payroll.

4.  Whether Petitioner Had Capital Gains in 1994

First Fidelity Bank N.A. New Jersey issued four Forms 1099-B, Proceeds From Broker and Barter Exchange Transactions, showing that it paid petitioner capital gains of $1,162 from the sale of stocks and bonds in 1994. Petitioner contends that the amounts identified as capital gains in the Forms 1099-B were loans. We disagree. Petitioner's uncorroborated testimony that these amounts were loans was unconvincing.

5.  Whether $20,169 That Petitioner Deposited in a Bank Account in 1997 Was Income to Petitioner

Respondent determined that petitioner's cash deposit of $20,169 to an FNB Bank of Maryland account in 1997 was income to petitioner. Petitioner does not dispute that the $20,169 was deposited in his bank account in 1997.

A bank deposit is prima facie evidence of income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). In O'Dwyer v. Commissioner, 266 F.2d 575, 588 (4th Cir. 1959), affg. 28 T.C. 698 (1957), the U.S. Court of Appeals for the Fourth Circuit held that the taxpayers had the burden of overcoming the presumption of correctness that a bank deposit was unreported income. There was no evidence in the record as to the source of the deposit, and the Fourth Circuit found that the taxpayers failed to overcome the presumption because they offered no evidence or testimony about the deposit. Id. Thus, petitioner bears the

burden of proving that the $20,169 deposit was not taxable income. Petitioner testified that the $20,169 deposit was a nontaxable transfer from another account. Petitioner's testimony was vague, and he offered no other evidence about the $20,169 bank deposit. We are not convinced that the deposit was not income. We conclude that the $20,169 deposit was taxable income, and that petitioner had unreported income of $17,430 in 1993, $18,252 in 1994, $32,014 in 1995, $44,866 in 1996, and $24,650 in 1997.

C.   Whether Petitioner Is Liable for the Addition to Tax for Failure To File Returns

A taxpayer is liable for an addition to tax of up to 25 percent for failure to file a Federal income tax return unless the failure was due to reasonable cause and not willful neglect. Sec. 6651(a)(1).

Respondent determined that petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file returns for the years in issue. Petitioner contends that he is not liable because he had reasonable cause for not filing returns. Petitioner points out that the names on some of the Forms 1999, 1098, Mortgage and Interest Statement, and W-2 on which his Social Security number appears include Otoole, O Toole,

and O. Toole. Petitioner contends that his failure to report those amounts in income was due to reasonable cause. We disagree.

It should have been obvious to petitioner that the amounts were taxable to him because his Social Security number appears on the Forms 1099, 1098, and W-2. Petitioner has not shown that his failure to file was due to reasonable cause and not willful neglect.

D.  Whether Petitioner Is Liable for the Addition to Tax for Failure To Pay Estimated Tax

Respondent determined that petitioner is liable for the addition to tax under section 6654 for failure to pay estimated tax for the years in issue. We have jurisdiction to review this determination because petitioner did not file a return for any of the years in issue. Sec. 6665(b)(2); Meyer v. Commissioner, 97 T.C. 555, 562 (1991). A taxpayer is liable for the addition to tax for failure to pay estimated tax unless the taxpayer shows that he or she meets one of the exceptions provided in section 6654(e), none of which apply here.

Petitioner contends that he had deposited enough money to pay any tax liability he may have for 1993, 1994, 1995, 1996, and 1997. He contends that he maintained a $5,000 "'estimated tax applied' fund" with respondent and that the dividends he received were subject to "31% backup tax" withholding. However,

petitioner did not show that he deposited funds in addition to the taxes withheld from him in those years, that respondent's determinations with respect to the section 6654 addition were erroneous, or that any exception applies in the years in issue.

We conclude that petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654 for the years in issue.

<u>Decision will be</u>

<u>entered under Rule 155</u>.