T.C. Summary Opinion 2007-155

UNITED STATES TAX COURT

ROBERT A. AND KAREN L. ALSTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9647-06S.              Filed September 5, 2007.

Robert A. Alston, pro se.

<u>Carol-Lynn E. Moran</u>, for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,355.44 in petitioners' 2004 Federal income tax. After concessions by petitioners,[2] this Court must decide the extent of petitioners' alternative minimum tax (AMT) liability.

## Background

Petitioners filed a joint Federal income tax return for 2004, in which they reported $101,765 in estimated income tax payments and $4,176.49 of income tax withheld. Petitioners calculated that they were due a $6,141.73 refund. Upon receipt of the return, respondent reduced petitioners' claimed educator expense deductions by $213 and assessed the resulting additional tax of $67.80 as a mathematical error.[3] Respondent also assessed and imposed a section 6654(a) addition to tax of $878.08 for failure to pay estimated income tax. As a result, respondent reduced petitioners' refund from $6,141.73 to $5,195.85, a

---

[2] At trial, petitioners conceded that they are liable for the alternative minimum tax (AMT), but they maintain that they are liable for only $404, rather than the $1,352 determined by respondent. Petitioners also concede a $9 mathematical error that effectively reduces petitioners' Schedule A, Itemized Deductions.

[3] Petitioners claimed a $713 educator expense deduction. Sec. 62(a)(2)(D) limits educator expenses to $250 per eligible educator, thus limiting petitioners' eligibility for such a deduction to $500. In accordance with sec. 6213(b)(1) and (g)(2)(E)(i), respondent properly reduced as a mathematical error the $213 excess claimed.

difference of $945.88. On February 13, 2006, respondent issued to petitioners a notice of deficiency in which he determined a deficiency of $1,355.44, which included $1,352 in AMT.[4]

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[5]

Petitioners argue that they are liable for only $404 of AMT. The difference between respondent's and petitioners' AMT calculations is approximately equal to the reduction by respondent in the amount of petitioners' claimed refund.[6] Petitioners contend that this reduction in their claimed refund should be added to their regular tax as part of the calculation of their AMT liability, arguing that they could not have received

---

[4] The notice of deficiency also decreased itemized deductions by $9.

[5] Pursuant to sec. 7491(a), the burden of proof as to factual issues may shift to the Commissioner where the taxpayer introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other information. Petitioners have not met the requirements of sec. 7491(a).

[6] The difference between the parties' AMT calculations is actually $948, not $945.88. We consider this difference to be de minimis.

an estimated tax "underpayment" penalty because they substantially overpaid their total required estimated income tax. Petitioners maintain that the reduction in their claimed refund was the result of an increase in their regular tax paid (not an estimated tax penalty or addition to tax), which should, in turn, decrease their AMT liability.

As we have already discussed, the reduction in petitioners' refund appears to be the result of an increase in their tax liability of $67.80, on the basis of assessed mathematical errors on petitioners' return, and an assessed addition to tax of $878.08 for failure to pay estimated income tax. On their return, petitioners reported their tax liability as $80,557.95. In the notice of deficiency, respondent listed petitioners' assessed tax, before adding the AMT, as $80,632. Respondent also used the $80,632 assessed regular tax in the calculation to determine an AMT liability of $1,352. The AMT is a tax equal to the excess of the "tentative minumum tax" for the taxable year over the "regular tax" for the taxable year. Sec. 55(a). Although the difference between the amount of regular tax reported by petitioners and the amount of regular tax assessed by respondent is slightly more than $67.80,[7] we find that respondent has incorporated the increase in regular tax resulting from

---

[7] The difference is $74.05. We consider this slight difference to be de minimis.

mathematical errors into his calculation of petitioners' AMT liability. Therefore, we find that the inclusion of this adjustment in the AMT calculation has already benefited petitioners and cannot reduce respondent's AMT calculation.

With respect to the remaining $878.08 in dispute, respondent argues that it was due to an addition to tax for failure to pay estimated income tax pursuant to section 6654, and should not be part of the calculation of petitioners' AMT liability.[8] As we mentioned, the AMT is a tax equal to the excess of the "tentative minimum tax" for the taxable year over the "regular tax" for the taxable year. Sec. 55(a). Generally, the term "regular tax liability" means the tax imposed by chapter 1 of the Internal Revenue Code for the taxable year. Sec. 26(b)(1). Section 6654(a) provides an addition to tax for failure to pay estimated income taxes. Section 6654 lies in chapter 68 of the Internal Revenue Code and thus is not part of a taxpayer's regular tax liability. Accordingly, if petitioners' refund reduction is

---

[8] Respondent argues that because the addition to tax was based solely on petitioners' return, and not as a part of the notice of deficiency, this Court lacks jurisdiction over it. It is true that we do not have jurisdiction to review respondent's assessment of an addition to tax for failure to pay estimated income tax that is based on a filed return. See sec. 6665; see also secs. 6211, 6212, and 6213; Meyer v. Commissioner, 97 T.C. 555, 560 (1991). However, our lack of jurisdiction to review the addition to tax does not prohibit us from determining whether the addition to tax should be included in the calculation of petitioners' AMT liability as determined in respondent's notice of deficiency. See sec. 6214(a).

partially due to the section 6654(a) addition to tax, their regular tax would not include that amount.  Respondent has established that he summarily assessed and imposed a section 6654(a) addition to tax of $878.08 on the basis of petitioners' 2004 filed return.  Contrarily, petitioners have failed to show that $878.08 of their refund reduction was due to anything other than the addition to tax imposed by respondent.[9]

Accordingly, we find that respondent correctly omitted the imposed section 6654(a) addition to tax when calculating petitioners' AMT liability.  Therefore, we shall sustain respondent's determination.  Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[9] While we lack jurisdiction to review respondent's assessment of the sec. 6654(a) addition to tax, we note that petitioners' argument that their overpayment of total estimated taxes could not generate an underpayment addition to tax is flawed.  Very simply, taxpayers required to make estimated tax payments must pay four equal installments of their required annual tax payments, based on their total required payment.  See sec. 6654(c).  Although the total of petitioners' installment payments may have equaled more than their total required amount, it is possible that one or more installments failed to meet the required amount owed for that quarter, thus, leading to the estimated tax addition to tax.