129 T.C. No. 18


UNITED STATES TAX COURT


TOBIAS WEISS AND GERTRUDE O. WEISS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3521-07.                    Filed December 26, 2007.


<u>Tobias Weiss</u>, for petitioners.

<u>Frank W. Louis</u>, for respondent.


       <u>Held</u>:  Qualified dividends are properly included
in the calculation of alternative minimum tax.


OPINION


THORNTON, <u>Judge</u>:  The sole issue for decision in this case is whether petitioners properly excluded qualified dividends in calculating their 2005 alternative minimum taxable income.

## Background

The parties have stipulated all the relevant facts, which we incorporate herein by this reference. When they petitioned the Court, petitioners resided in Connecticut.

On line 9b of their 2005 Form 1040, U.S. Individual Income Tax Return, petitioners reported $24,376 of qualified dividends.[1] They did not, however, include this amount in the $265,408 which they reported as taxable income and upon which they reported tax of $68,809. Instead, they separately computed $3,656 of tax on the qualified dividends (15 percent of $24,376), which they designated by handwritten notation as a "Qualified Dividend Tax" on line 45 of Form 1040, which calls for the amount of "Alternative minimum tax". Adding this amount to the $68,609 of tax that they had computed on their reported taxable income, they reported total tax of $72,266.

Respondent treated petitioners' omission of their qualified dividends from taxable income as a "math error". After taking into account this and other "math errors", respondent determined that petitioners' taxable income was $315,532 rather than the $265,408 that they had reported.[2] Pursuant to section 6213(b),

---

[1] Monetary amounts in this Opinion have been rounded to the nearest dollar.

[2] The other "math errors" related to petitioners' Schedule E, Supplemental Income and Loss, expenses and the calculation of the taxable amount of their Social Security income. At trial,
(continued...)

respondent summarily assessed $80,330 of tax on this "corrected" taxable income, after making the "math error" adjustments and associated mathematical adjustments.[3]  Using this same "corrected" taxable income, respondent also recomputed petitioner's alternative minimum tax.  By statutory notice of deficiency, respondent determined that petitioners had a resulting deficiency of $6,073 (apart from the tax that respondent had summarily assessed pursuant to section 6213(b)).

## Discussion

Petitioners contend that they correctly reported their qualified dividends on their 2005 Form 1040 and correctly calculated and paid tax on those qualified dividends at the rate of 15 percent.[4]  Petitioners contend that respondent erred in determining that the qualified dividends should be included in the calculation of their alternative minimum tax.

---

[2](...continued) petitioners conceded these two other math errors.

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.

[4] In summarily assessing petitioners' tax on their "corrected" taxable income, respondent also computed tax on the qualified dividends at 15 percent and credited petitioners with the 15-percent tax they had separately reported on line 45.  In this proceeding, petitioners do not challenge the summary assessment, which is beyond the scope of our jurisdiction.  See sec. 6213(b)(1); Meyer v. Commissioner, 97 T.C. 555, 559-560 (1991).

Petitioners are mistaken that qualified dividends may be disregarded in the calculation of alternative minimum tax. Alternative minimum tax is imposed, in addition to all other taxes imposed under subtitle A, upon a taxpayer's alternative minimum taxable income (AMTI). Sec. 55(a); Allen v. Commissioner, 118 T.C. 1, 5 (2002). AMTI is defined as the taxpayer's "taxable income" determined with adjustments provided in sections 56 and 58, and increased by items of tax preference described in section 57. Sec. 55(b)(2); Merlo v. Commissioner, 126 T.C. 205, 209 (2006), affd. 492 F.3d 618 (5th Cir. 2007). The Code generally defines "taxable income" as "gross income" less allowable deductions. Sec. 63(a). Section 61 expressly defines "gross income" to include, without limitation, "Dividends". Sec. 61(a)(7).

In the computation of alternative minimum tax, qualified dividends receive special treatment, insofar as they enter into the net capital gain of noncorporate taxpayers. That special treatment essentially caps the amount of alternative minimum tax by reference to a formula that taxes net capital gain at rates that mirror preferential rates that apply for regular tax purposes under section 1(h).[5] Contrary to what petitioners

---

[5] More particularly, the alternative minimum tax is equal to the excess of tentative minimum tax over the regular tax. Sec. 55(a). For a noncorporate taxpayer, the tentative minimum tax is generally imposed at graduated 26 percent and 28 percent rates on

(continued...)

appear to believe, however, this special treatment does not mean that qualified dividends may be disregarded altogether in calculating alternative minimum tax.  Petitioners erroneously omitted their qualified dividends from gross income, which contributed to an understatement of their AMTI, which gave rise to a deficiency as determined in the statutory notice.[6]

Petitioners appear to believe that they reported their qualified dividends, and the tax thereon, consistent with the literal terms of Form 1040, which they construe as treating "qualified dividends" separately from "ordinary dividends" and including only the latter in the calculation of adjusted gross income.[7]  Whatever ambiguity might be found in Form 1040 and its

---

[5](...continued)
the amount by which alternative minimum taxable income exceeds an exemption amount (the "taxable excess").  Sec. 55(b)(1)(A). Generally speaking, however, and ignoring certain qualifications not relevant here, if a taxpayer has net capital gain, the amount of tentative minimum tax thus determined cannot exceed the amount that would be determined if the net capital gain were excluded from the foregoing formula and instead were taxed at rates that mirror those applicable for regular tax purposes under sec. 1(h). Sec. 55(b)(3).

[6] The record suggests that other items affecting the computation of petitioners' AMTI included the disallowance of miscellaneous itemized deductions, see secs. 56(b)(1)(A)(i) and 67(b), and the disallowance of personal exemptions, see sec. 56(b)(1)(E).  Petitioners have not challenged these computational matters.

[7] Form 1040 calls for "Ordinary dividends" to be reported on line 9a, to be tallied in the calculation of adjusted gross income; the form calls for "Qualified dividends" to be reported on line 9b, which does not extend into the calculations column.
(continued...)

instructions in this regard, however, cannot affect the operation of the tax statutes or petitioners' obligations thereunder. See Casa De La Jolla Park, Inc. v. Commissioner, 94 T.C. 384, 396 (1990) (tax form instructions cannot be relied upon as authoritative sources of law).

To reflect the foregoing,

Decision will be entered for respondent.

---

[7](...continued)
Neither Form 1040 nor the instructions thereto expressly say that the amount of qualified dividends listed on line 9b should also be included among ordinary dividends on line 9a. Any confusion on this score is dispelled, however, by the instructions accompanying Form 1099-DIV, Dividends and Distributions, on which dividends are supposed to be reported to recipients. These instructions make clear that "Qualified dividends", reported on Box 1b of the form, are a "portion" of the amount reported in box 1a as "Total ordinary dividends". The recipient is directed to include the amount of "Total ordinary dividends" on line 9a of Form 1040.