T.C. Summary Opinion 2008-81

UNITED STATES TAX COURT

DONALD JEROME FRITZ AND DONNA FRITZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8948-07S.                    Filed July 14, 2008.

Donald Jerome Fritz and Donna Fritz, pro sese.

<u>Shawn L. Barrett</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,

_____

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2005, the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

and this opinion shall not be treated as precedent for any other case. This matter was submitted, under Rule 121, for summary judgment on the question of whether petitioners are subject to the alternative minimum tax (AMT).

Summary judgment is intended to expedite litigation and to avoid an unnecessary and expensive trial. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to a legal issue, if there is "no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." Rule 121(a) and (b); Craig v. Commissioner, 119 T.C. 252, 259-260 (2002); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The parties agree as to the material facts and that this matter is ripe for summary judgment.

In a January 17, 2007, notice of deficiency respondent determined a $7,007 income tax deficiency in petitioners' 2005 income tax. The deficiency was not based on any adjustment to income or disallowance of a deduction for regular tax purposes but instead was based solely on respondent's application of the AMT to petitioners' tax computation. In their petition, petitioners challenged the application of the AMT to their 2005 income tax.

For their 2005 tax year petitioners reported $328,686 of adjusted gross income and $316,725 of taxable income. Included in their computations were $35,847 in qualified taxable dividends, $1,024 of foreign tax credits, and net capital gain income of $246,872. Using those figures and the standard deduction, petitioners reported income tax of $46,806.

Respondent, using the same figures, computed a tentative minimum tax of $53,813. This amount, reduced by the $46,806 of regular income tax computed by petitioners, results in an AMT of $7,007.

The AMT Computation--Petitioners' first objection to the application of the AMT is that it contravenes a 2001 statutory enactment of a 15-percent tax rate on capital gains. Petitioners assert that the application of the AMT makes the effective rate on their capital gain income slightly more than 15 percent. In their own words, petitioners contend that the "application of AMT [is] * * * rendered null and void" because of this contravention.

Section 55 imposes the AMT and sets forth the interrelated structure of the regular tax, capital gains tax, and AMT. This section is abundantly complex, but the computation of the correct amount of tax can be achieved by reference to section 55 and related and referenced provisions of the Internal Revenue Code.

In the context of this case the AMT is computed by first computing the regular tax without reference to the AMT. Then the

tentative minimum tax, for married taxpayers filing jointly, is computed at rates of 26 percent of a specified tax base up to $175,000 and 28 percent for the excess.  After reducing certain foreign tax credits, certain statutory adjustments are made, in this case disallowance of the standard deduction and exemptions. See secs. 55(b)(1) and (2), 56(b)(1)(E).  A $58,000 AMT exemption for joint filers is provided, but the exemption is reduced by 25 percent of alternative minimum taxable income in excess of $150,000.  Sec. 55(d)(1)(A), (3)(A).  The tentative minimum tax is imposed on so much of the alternative minimum taxable income as exceeds the exemption amount.

In computing the AMT there is a special computational provision for taxpayers with net capital gains.  Generally speaking, the net capital gain income is multiplied by 15 percent and the result is added to the tax on other income which is computed in the manner described above.  Sec. 55(b)(3). Following this computational provision, petitioners' AMT is computed at $7,007, which petitioners contend causes their net capital gain income to be taxed at an effective rate slightly greater than 15 percent because of the disallowance of the entire amount of the standard deduction and exemptions.

Petitioners' position would require a change to the statute that would apportion the disallowed items.  Ultimately, however,

respondent's computation is in accord with the statutes, and petitioners' argument fails.

Adequacy of the Statutory Notice of Deficiency--Petitioners contend that respondent's explanations of and determination in the notice of deficiency are vague and inexact.  In particular, petitioners allege that respondent's explanation for the determination was that "certain things" in the Forms 1040, U.S. Individual Income Tax Return, and Form 6251, Alternative Minimum Tax--Individuals, "appeared to justify" application of the AMT. The notice, however, simply states that the item adjusted is the AMT of $7,057.[2]

Although respondent's determination in the notice is terse, it appears sufficient to advise petitioners of the amount and nature of the determination.  See Scar v. Commissioner, 814 F.2d 1363, 1367 (9th Cir. 1987), revg. 81 T.C. 855 (1983).  We also note that, in addition to specifying the nature and amount of the adjustment, the deficiency notice was accompanied by a statement of income tax examination changes wherein respondent provided petitioners with a detailed computation of the deficiency, including a complete comparison of the amounts reported on petitioners' return and the amounts computed or determined by

---

[2] As a result of other computational adjustments, the net amount of additional tax due is $7,007.

respondent.  Under those circumstances, we hold that the notification to petitioners was sufficient.

Equitable Estoppel--Petitioners' final argument is that respondent's instruction booklets and forms are misleading and do not portend the results in this case--an increased deficiency due to the application of the AMT.[3]  In particular, petitioners contend that respondent's instructions and literature regarding the AMT state that the purpose of the AMT is to increase the proportion of income subject to tax, whereas the additional tax in this case was due to the exclusion of the standard deduction and personal exemptions and not to taxing capital gains at a rate greater than 15 percent.  Because of this alleged discrepancy, petitioners argue that they should not be subject to the AMT.

In effect, petitioners' argument is one of equitable estoppel.  For estoppel to apply, however, petitioners must show: A false representation or misleading silence; an error in a statement of fact; ignorance of the true facts; reasonable reliance on the statement; and adverse effect caused by the statement.  See Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 60, modified 104 T.C. 417 (1995), affd. 140 F.3d 240 (4th Cir. 1998).  Petitioners have not shown and/or alleged sufficient facts and information to meet the essential requirements for the

---

[3] Petitioners make this argument in broad terms and do not reference specific instructions or explanations that illustrate or support their contention.

application of estoppel.  Accordingly, we give no further consideration to this argument.

Petitioners' position in this case misses the point.  They contend that the net result of the AMT computation is an effective rate on their capital gains greater than 15 percent.  In reality, the tax on the capital gains was limited to 15 percent and the "additional tax" was attributable to the elimination of preferences.  This Court recently addressed a similar situation in Weiss v. Commissioner, 129 T.C. 175 (2007).  In Weiss, the deficiency in AMT resulted from the elimination of miscellaneous itemized deductions and personal exemptions for purposes of computing alternative minimum taxable income and not because the rate of tax on net capital gain was higher under the AMT than under the computational regimen.  Id. at 177.

We have found that respondent correctly followed the statute in reaching the determination that petitioners have a $7,007 income tax deficiency due to the application of the AMT.  Therefore, we are compelled to rule for respondent.

To reflect the foregoing,

Respondent's motion for summary judgment will be granted and decision entered for respondent.