T.C. Summary Opinion 2012-81

UNITED STATES TAX COURT

LARRY GIBSON BEACH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1419-11S.                    Filed August 13, 2012.

Larry Gibson Beach, pro se.

<u>R. Jeffrey Knight</u> and Kaitlyn Loughner (student), for respondent.

SUMMARY OPINION

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued petitioner a notice of deficiency (notice) in which he determined a deficiency of $3,820 and a section 6662(a) accuracy-related penalty of $764 for 2008. The issues for decision are whether petitioner is: (1) entitled to a section 165 casualty loss deduction; and (2) liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner resided in Maryland when he filed his petition.

In 2007 petitioner was the registered owner of a 2001 Saleen Ford Mustang (Mustang). On February 6, 2007, the Mustang was damaged in an accident with an uninsured motorist who was at fault for the accident.[1]

---

[1]Petitioner testified that the car was actually his son's car but was titled in his name for financing reasons. The record does not reflect who was driving the car at the time of the accident.

Petitioner's basis in the Mustang was $25,482. The Mustang's fair market value (FMV) just before the accident was $28,500. Its FMV immediately after the accident and before any repairs was $2,250.

The total cost to repair the Mustang was $18,772.79. Petitioner filed a claim with his insurance company (Nationwide), and it paid $18,522.79 of the repair cost directly to Mike's Auto Body, Inc. (Mike's). Petitioner's only out-of-pocket expense was his deductible of $250. Petitioner regained possession of the Mustang on June 29, 2007.

Nationwide attempted to recover payment, including petitioner's deductible, from the uninsured motorist. Nationwide then forwarded collection attempts to outside counsel in September of 2007. Petitioner did not personally bring a lawsuit or seek to recover damages in any other way from the uninsured motorist.

Petitioner timely filed his 2008 Federal income tax return and claimed a deduction for casualty and theft losses of $17,287 on Schedule A, Itemized Deductions. Petitioner included Form 4684, Casualties and Thefts, with his return. Petitioner did not enter any amount on Form 4684, line 3, Insurance or other reimbursement (whether or not you filed a claim).

Respondent issued petitioner the notice dated December 10, 2010, in which he determined that petitioner was not entitled to a deduction for a casualty or theft

loss for 2008 because "[i]nsurance proceeds or any other recovery received, or expected to be received, reduce your casualty or theft loss deduction." Respondent also determined that petitioner was liable for an accuracy-related penalty for 2008.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Additionally, deductions are strictly a matter of legislative grace, and taxpayers must satisfy the specific requirements for any deduction claimed for the taxable year. INDOPCO, Inc. v. Commissioner, 503 U.S. at 84; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioner did not allege that the burden of proof should be shifted under section 7491(a). Therefore, petitioner bears the burden of proof.

I.    Casualty or Theft Loss

The only reason listed for respondent's determination in the notice is that receipt of insurance proceeds will reduce a casualty or theft loss deduction.

Respondent's motion for leave to amend answer in which he alleges that petitioner deducted the casualty loss on the return for the wrong year was granted on January 31, 2012. The Court will address this argument first.

Section 165(a) provides: "There shall be allowed as a deduction any loss sustained <u>during the taxable year</u> and not compensated for by insurance or otherwise." (Emphasis added.) In order for the loss to be deductible, the loss must be evidenced by closed and complete transactions, fixed by an identifiable event, and actually sustained during the taxable year. Sec. 1.165-1(b), Income Tax Regs. An automobile owned by the taxpayer may be the subject of a casualty loss. Sec. 1.165-7(a)(3), Income Tax Regs.

The Mustang was involved in an accident, repaired, and returned to petitioner in 2007. Petitioner claimed a deduction for casualty and theft losses in relation to the Mustang for 2008. Petitioner admitted at trial he claimed the deduction for the wrong year, testifying: "There is no doubt, I filed in the wrong year." The proper year to claim the deduction was 2007.

Even if the correct year for the deduction was 2008, petitioner's only expense not reimbursed by insurance was his deductible of $250, which does not exceed 10% of his adjusted gross income for 2008. <u>See</u> sec. 165(h)(2).

Petitioner is not allowed a deduction for casualty and theft losses for 2008. Respondent's determination is sustained.

## II.    Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) authorizes the Commissioner to impose a penalty equal to 20% of the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations or any substantial understatement of income tax.  The Commissioner bears the initial burden of production with respect to the taxpayer's liability for the section 6662(a) penalty.  Sec. 7491(c).  At trial the Commissioner must introduce sufficient evidence "indicating that it is appropriate to impose the relevant penalty."  Higbee v. Commissioner, 116 T.C. 438, 446 (2001). If the Commissioner satisfies his initial burden of production, the burden of producing evidence to refute the Commissioner's evidence shifts to the taxpayer, and the taxpayer must prove that the penalty does not apply.  Id. at 447.

Respondent determined that petitioner was liable for a section 6662(a) accuracy-related penalty of $764 due to negligence or disregard of rules or regulations or for a substantial understatement of income tax for 2008.[2]

---

[2]The Court need not decide whether petitioner is liable for a sec. 6662(a) penalty for a substantial understatement of income tax.

For purposes of section 6662, negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard includes any careless, reckless, or intentional disregard. Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985) (negligence is lack of due care or failure to do what a reasonably prudent person would do under the circumstances); sec. 1.6662-3, Income Tax Regs. Negligence also includes any failure to exercise ordinary and reasonable care in the preparation of a tax return or any failure to keep adequate books and records and to properly substantiate items. Sec. 1.6662-3(b)(1), Income Tax Regs.

Respondent has met his burden of production under section 7491(c) because petitioner claimed a deduction for casualty and theft losses on his return and did not include in his computation of the deduction any of the insurance proceeds paid directly to Mike's.

A taxpayer may avoid liability for the section 6662 penalty if the taxpayer demonstrates that he or she had a reasonable basis for the underpayment and that he or she acted in good faith with respect to the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. Reasonable cause and good faith are determined on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor in determining

reasonable cause and good faith is the extent of the taxpayer's effort to assess his or her proper income tax liability. Id.; see also Woodsum v. Commissioner, 136 T.C. 585, 591 (2011).

Petitioner argues that he did have reasonable cause for and acted in good faith with respect to the underpayment. He argues that he read the Form 4684 instructions and believed that he had not received any reimbursement from Nationwide because Nationwide paid Mike's directly to repair the Mustang and that he did not directly receive any proceeds from the insurance company.

Section 165(a) provides that a deduction for a loss will be allowed if the loss is "not compensated for by insurance or otherwise." The regulations under section 165 provide that a deduction for a loss will be allowed if the loss is "not made good by insurance". Sec. 1.165-1(a), Income Tax Regs. Additionally, the Form 4684 instructions state: "[T]he part of the loss that is not covered by insurance is still deductible."[3]

---

[3]The Court notes that Internal Revenue Service tax form instructions cannot be relied upon as authoritative sources of law. See Weiss v. Commissioner, 129 T.C. 175, 177 (2007); Casa De La Jolla Park, Inc. v. Commissioner, 94 T.C. 384, 396 (1990). The statement from the Form 4684 instructions is included because it is directly contrary to what petitioner argues is his understanding of the instructions.

Petitioner's loss was compensated for by, made good by, and covered by Nationwide. The fact that Nationwide did not provide proceeds directly to petitioner does not mean that he was not reimbursed by Nationwide. Petitioner's narrow definition of "reimbursement" is not the definition a reasonably prudent person would use in his situation.

Respondent's determination to impose a section 6662(a) accuracy-related penalty for negligence is sustained.

We have considered all of petitioner's arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.