[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10932

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2011
JOHN LEY
CLERK

Tax Court No. 2617-04L

L. S. VINES,

Petitioner - Appellant,

versus

COMMISSIONER OF THE INTERNAL REVENUE SERVICE,

Respondent - Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(March 24, 2011)

Before DUBINA, Chief Judge, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

L.S. Vines, a veteran attorney, settled a class-action lawsuit that generated

$25 million in attorney's fees.  He received approximately $12 million in

December 1999 and the remainder in January 2000. He then closed his law firm and began a margin-trading business from home. Despite significant gains early on, he suffered a net loss of approximately $23 million by mid-April and did not pay his 1999 federal income taxes. Separate litigation adjudicated the general tax liability claims. At issue in this appeal is whether the IRS's assessment of a failure-to-pay ("FTP") addition is appropriate. The Tax Court ruled that the IRS accurately computed and assessed the FTP addition.

The tax code provides that "[i]n case of failure . . . to pay the amount shown as tax on any return . . . on or before the date prescribed for payment of such tax . . . , unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added" an FTP addition. 26 U.S.C. § 6651(a)(2). The regulations describe the "reasonable cause" exception as follows:

> A failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless . . . unable to pay the tax . . . . Further, a taxpayer who invests funds in speculative . . . assets has not exercised ordinary business care and prudence in providing for the payment of his tax liability unless, at the time of the investment, the remainder of the taxpayer's assets and estimated income will be sufficient to pay his tax or it can be reasonably foreseen that the speculative or illiquid investment made by the taxpayer can be utilized

2

> (by sale or as security for a loan) to realize sufficient funds to satisfy the tax liability.

26 C.F.R. § 301.6651-1(c)(1). After review of the record and the parties' briefs, and having the benefit of oral argument, we conclude that the Tax Court correctly concluded that Vines's actions do not properly fall within the "reasonable cause" exception and that he is therefore subject to the FTP addition.

**AFFIRMED.**