T.C. Summary Opinion 2012-62

UNITED STATES TAX COURT

MICHAEL J. GOLDBERG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29986-07S.                     Filed June 26, 2012.

Michael J. Goldberg, pro se.

<u>Terry Serena</u>, for respondent.

SUMMARY OPINION

THORNTON, <u>Chief Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect at the time the petition was

filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by

any other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise noted, all section references are to the Internal Revenue Code as amended and in effect at all relevant times.

Pursuant to section 6330(d), petitioner appeals respondent's determination to proceed by levy to collect his unpaid Federal income tax for tax year 2000.

Background

Petitioner resided in Ohio when he filed his petition.

On August 4, 2006, petitioner filed his individual Federal income tax return for tax year 2000, claiming a filing status of single and reporting a tax liability of $3,337, a withholding credit of $1,922, and a balance due of $1,415. Petitioner did not remit the balance due when he filed the return.[1] Also on August 4, 2006, petitioner and his spouse filed a joint Federal income tax return for tax year 2001. The 2001 joint return showed, and respondent does not dispute, that petitioner overpaid his 2001 tax liability by $6,341.

On April 16, 2007, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, for the unpaid individual Federal income tax liability for tax year 2000 plus accrued interest and an addition to tax for late payment. In response, petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 petitioner

_____

[1]On or about May 25, 2010, petitioner paid the principal amount of $1,415.

did not request a collection alternative but stated as the reason for disagreeing with the filing of the levy: "I do not owe the amount stated."

On September 13, 2007, petitioner and respondent's Appeals settlement officer held a collection due process hearing by telephone. During the hearing petitioner's sole contention was that he had overpaid his income taxes for tax years 2001 and 2002 and that these overpayments should be applied to his liability for tax year 2000. The settlement officer informed petitioner that the only overpayment that was indicated on respondent's records was the 2001 overpayment of $6,341. Petitioner did not propose a collection alternative and did not complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, as the settlement officer had requested.

On November 27, 2007, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the proposed levy. The notice found that all requirements of applicable law and administrative procedure had been met and stated that petitioner had not proposed a collection alternative or provided the requested information. Because petitioner had filed his return for tax year 2001 on August 4, 2006, the notice determined that the period of limitations under section 6511(a) to claim a refund or

credit for 2001 had expired and thus the overpayment was unavailable to offset his income tax liability for tax year 2000.

Petitioner timely petitioned this Court for review of respondent's determination. The petition reiterates petitioner's contention that he owes no Federal income tax for 2000 because he has sufficient tax credits to offset any amount owed.

A trial was held on May 24, 2011, in Cincinnati, Ohio. At the conclusion of the trial, the Court ordered the record held open until July 8, 2011 (later extended on respondent's motion to September 12, 2011), so that the parties might submit additional evidence regarding petitioner's claim that he has an overpayment credit from his tax year 2002 that should be applied to his 2000 tax liability. The parties submitted no additional evidence.[2]

## Discussion

Section 6330 provides for notice and opportunity of a hearing before the Internal Revenue Service (IRS) may levy upon the property of any person. Section 6330(c)(2)(B) allows challenges to the existence or amount of the underlying tax liability only if the person did not receive a notice of deficiency or

---

[2]On brief respondent asserts, and petitioner has not disputed, that petitioner did not respond to respondent's proposed posttrial supplemental stipulation and did not propose one of his own.

have an opportunity to dispute the liability. Respondent does not contest that petitioner is entitled to challenge his underlying liability in this collection proceeding.

We review petitioner's underlying liability de novo and other issues for abuse of discretion. See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Landry v. Commissioner, 116 T.C. 60, 62 (2001) (whether a credit or overpayment that the taxpayer is entitled to from another tax period can be applied to satisfy the tax liability in question is a challenge to the underlying liability); Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner asserts primarily that he has sufficient credits from overpayments from tax years 2001 and 2002 to satisfy his outstanding liability for tax year 2000.[3] In evaluating the Commissioner's determinations under section 6330, we may properly consider the taxpayer's tax liabilities for years that were not subject to the notice of determination insofar as they are relevant to computing the taxpayer's

---

[3]Because petitioner paid the $1,415 principal amount of his 2000 tax on or about May 25, 2010, the outstanding liability that remains in dispute is for accrued interest and late payment additions to tax. Apart from his contention that he should have overpayment credits available to satisfy these liabilities, petitioner has not raised any interest abatement claim under sec. 6404 and has not challenged respondent's imposition of the late payment addition to tax.

tax liability for years that are the subject of the notice of determination. Freije v. Commissioner, 125 T.C. 14, 27 (2005). We do not have jurisdiction, however, in this collection proceeding to order a refund or credit of taxes paid. See Greene-Thapedi v. Commissioner, 126 T.C. 1, 13 (2006).

Respondent does not dispute that petitioner has an overpayment credit for 2001 but contends that it is not allowable under section 6511(b)(2)(A) because he waited too long to claim it. For the reasons explained below, we agree.

The 2001 joint return that petitioner and his wife filed on August 4, 2006, constituted their claim for credit or refund for 2001. The amount of 2001 tax overpayment allowable to them as a credit or refund cannot exceed the portion of the tax which they paid for tax year 2001 within the three years preceding August 4, 2006, the date their claim for credit or refund was filed; i.e., 2001 tax payments made after August 4, 2003, and before August 4, 2006. See sec. 6511(b)(2)(A); Perkins v. Commissioner, T.C. Memo. 2008-103. Respondent asserts, and petitioner does not dispute, that petitioner and his spouse's 2001 tax was paid through wage withholdings. Under section 6513(b)(1), a taxpayer's wage withholdings are deemed to have been paid "on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31"; i.e., on April 15, 2002. Therefore, none of petitioner and

his wife's 2001 tax overpayment is allowable as a credit or refund because the tax was deemed paid more than three years before the claim for credit or refund was filed.[4]  See Perkins v. Commissioner, T.C. Memo. 2008-103.

Petitioner also asserts that he has an overpayment available from tax year 2002 that should be applied against his 2000 liability.  But petitioner has stipulated that respondent's records do not reveal the existence of a credit balance for any tax year other than 2001.  And despite the Court's holding the record open for this purpose, petitioner has submitted no evidence that he has any available credit for 2002.  Consequently, unlike the 2001 overpayment credit, the 2002 alleged credit represents a mere claim of an overpayment.  This Court lacks jurisdiction to adjudicate such an overpayment claim, and it need not be resolved before the IRS can proceed with collection of the liability at issue.  See Weber v. Commissioner, 138 T.C. __, __ (slip op. at 40) (May 7, 2012); Greene-Thapedi v. Commissioner, 126 T.C. at 13.

---

[4]In his petition, petitioner asserts that "If there is a statute of limitations on credits, then there is an equal statute of limitations on IRS collecting."  Petitioner is mistaken.  Under sec. 6502(a)(1) the IRS generally has 10 years after making a timely assessment to collect the assessed tax by making a levy or commencing a court proceeding.  This 10-year collection period is suspended during the pendency of a sec. 6330 hearing and any appeals therefrom.  Sec. 6330(e)(1); see also secs. 6502 and 6503.

In sum, petitioner has failed to show that he has available any allowable overpayment credit from 2001 or 2002 to apply against the balance that remains outstanding for his 2000 tax liability.  He has proposed no other collection alternative.  The settlement officer did not abuse her discretion by not considering collection alternatives that petitioner never made.  See Vines v. Commissioner, T.C. Memo. 2009-267, aff'd, 418 Fed. Appx. 900 (11th Cir. 2011).

From our review of the record we are satisfied that respondent has met the requirements of section 6330.  Consequently, we shall sustain respondent's determination to proceed with the proposed levy to collect amounts that remain outstanding with respect to petitioner's 2000 tax liability.

To reflect the foregoing,

Decision will be entered

for respondent.