# United States Tax Court

T.C. Memo. 2026-6

MUHAMMAD ZULFIQAR,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

SHAZIA ZULFIQAR,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket Nos. 20538-23L, 1998-24L.            Filed January 22, 2026.

————

*Richard Sapinski* and *Robert Stern*, for petitioners.

*Mehrin Bakht* and *Brian Peterson*, for respondent.

MEMORANDUM OPINION

COPELAND, *Judge*: In these consolidated collection due process (CDP) cases relating to tax year 2015, the parties have filed Cross-Motions for Summary Judgment. Petitioners, Muhammad Zulfiqar and Shazia Zulfiqar, resided in New York when they timely filed their Petitions with this Court. On October 1, 2024, pursuant to Rule 121,[1] respondent, the Commissioner of Internal Revenue (Commissioner),

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (I.R.C.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. Some dollar amounts are rounded.

[*2] filed a Motion for Summary Judgment (Commissioner's Motion) to which he attached the Zulfiqars' 2015 Account Transcript as an Exhibit. On October 8, 2024, the Zulfiqars filed a Notice of Objection to Respondent's Motion for Summary Judgment and Petitioners' Cross-Motion for Summary Judgment (Zulfiqars' Motion),[2] a Memorandum in Support of Petitioners' Cross-Motion for Summary Judgment and in Opposition to Respondent's Motion for Summary Judgment, and the Declaration of Richard J. Sapinski Pursuant to 28 U.S.C. § 1746 in Support of Petitioners' Cross-Motion for Summary Judgment to which several Exhibits were attached.

We held a hearing on the parties' Cross-Motions on December 9, 2024, in New York, New York. The parties disagree about whether the proposed levy at issue in these cases can proceed, and they base their conclusions on very different interpretations of the effect the Stipulated Decision for the case at Docket No. 14881-20 entered May 18, 2023, had on the Zulfiqars' 2015 liability. For the reasons set forth below, we will deny both Motions.

## *Background*

The following background is derived from the parties' pleadings and Motion papers, including the attached Exhibits. This background is stated solely for the purpose of ruling on the pending Motions and does not constitute findings of fact.

I.    *The Zulfiqars' 2015 Tax Liability*

A.    *2015 Tax Return*

On April 15, 2016, the Zulfiqars requested an extension of time to file their 2015 return. After the Zulfiqars failed to file a return by the extended deadline of October 15, 2016, the Commissioner prepared a substitute for return (SFR) that was based on third-party information reports and executed the SFR on September 3, 2018.[3]   *See* I.R.C.

---

[2] The Zulfiqars' Motion asks for adjudication only as to collection of the section 6651(a)(1) addition to tax for tax year 2015 and not the remaining additions to tax at issue in these cases.

[3] The 2015 Account Transcript attached to the Commissioner's Motion includes an entry on August 8, 2018, titled "Return Due Date or Return Received Date (whichever is later)." The Zulfiqars argue that this date relates to their late-filed 2015 Form 1040, U.S. Individual Income Tax Return; however, this entry is ambiguous on its face and the next entry, made on September 3, 2018, states: "Substitute tax return

**[\*3]** § 6020(b).  The Commissioner next received, on May 20, 2020, a 2015 Form 1040 filed by the Zulfiqars which the Commissioner treated as an amended return because it was filed after the SFR.  This is the Commissioner's practice even when such returns are not accompanied by Form 1040–X, Amended U.S. Individual Income Tax Return.[4]  On July 20, 2020, the Commissioner assessed tax of $282,637, a section 6651(a)(1) addition to tax of $61,243 for failure to timely file, and a section 6654 addition to tax of $4,881 for failure to make sufficient estimated tax payments.  The Commissioner assessed the tax and additions to tax on the basis of the $282,637 tax due reported by the Zulfiqars on their 2015 Form 1040.  No amounts had been previously assessed on the basis of the SFR.

        B.      *Notice of Deficiency and Tax Court Proceedings at Docket No. 14881-20*

The Commissioner then conducted an examination for the Zulfiqars' 2015 tax year and on September 29, 2020, mailed them a Notice of Deficiency determining a deficiency in income tax of $201,644, an addition to tax of $53,886 under section 6651(a)(1), and an accuracy-related penalty of $40,329 under section 6662(a).[5]  On October 9, 2020, the Zulfiqars paid the Commissioner $260,605 covering a large portion of their reported 2015 tax liability and some interest.  This payment was

---

prepared by [the Internal Revenue Service (IRS)]."  This SFR would have been unnecessary if the Zulfiqars had already filed a return.  *See* I.R.C. § 6020(b) (providing that, if any person fails to make any return required by law, "the Secretary shall make such return from his own knowledge and from such information as he can obtain"); *see also Rodriguez v. Commissioner*, T.C. Memo. 2009-22, 97 T.C.M. (CCH) 1090, 1092 (ruling that "the IRS has full authority to prepare an SFR for anyone who fails to file his own return").  Further, on May 7, 2019, before receipt of the Zulfiqars' late-filed return, the Account Transcript includes an entry titled "[e]stablished non-filing of tax return," which further supports the Commissioner's position that the August 8, 2018, entry relates to the Commissioner's SFR and not the Zulfiqars' late-filed return.

[4] Again, the Zulfiqars challenge the Account Transcript entry for this item, ignoring the Commissioner's administrative practice of treating a taxpayer's return filed after an SFR as an amended return.  *See Badaracco v. Commissioner*, 464 U.S. 386, 393 (1984) ("[T]he Internal Revenue Code does not explicitly provide either for a taxpayer's filing, or for the Commissioner's acceptance, of an amended return; instead, an amended return is a creature of administrative origin and grace."); *Rodriguez*, 97 T.C.M. (CCH) at 1092 ("[L]ate-filed 1040s simply do not take precedence over the SFRs.").

[5] The Commissioner also determined a deficiency and an addition to tax for the Zulfiqars' 2016 tax year.  Those determinations are not discussed herein because their 2016 tax year has no bearing on the disposition of these cases.

[*4] in addition to withholding credits and prior payments totaling $23,768, making total payments $284,373 before any Court proceeding.

On December 23, 2020, the Zulfiqars timely petitioned this Court for redetermination of the deficiency; that case was assigned Docket No. 14881-20. In their Petition they raised multiple issues including that the "Commissioner erred in determining that [the Zulfiqars] were liable for a late-filing penalty for 2015," that "[the Zulfiqars] are not liable for any penalties," and that "[p]enalties are inappropriate because [the Zulfiqars] had a reasonable cause [sic]."

On April 12, 2021, while the Tax Court case was pending, the Commissioner automatically assessed a section 6651(a)(2) addition to tax of $65,849 for failure to timely pay. That automatic assessment was based on the reported but unpaid tax due on the Zulfiqars' 2015 Form 1040.

In resolving the case at Docket No. 14881-20, the Commissioner and the Zulfiqars jointly filed a Proposed Stipulated Decision on May 16, 2023. We entered that Stipulated Decision on May 18, 2023. The Stipulated Decision provides in relevant part "[t]hat there is no addition to tax under I.R.C. § 6651(a)(1) due from [the Zulfiqars] for taxable year 2015; and [t]hat there is no penalty under I.R.C. § 6662(a) due from [the Zulfiqars] for taxable years 2015 and 2016." The Stipulated Decision was signed by the Zulfiqars' counsel, Richard Sapinski, on May 10, 2023, and the Commissioner's counsel, Theresa McQueeney, on May 11, 2023. The Stipulated Decision included no so-called below-the-line stipulation regarding the assessed additions to tax that were based on the Zulfiqars' 2015 Form 1040 return. Moreover, the Stipulated Decision did not address the previously assessed section 6651(a)(2) and 6654 additions to tax.

II.    *CDP Proceedings*

On May 31, 2023, the Commissioner mailed the Zulfiqars Letter 1058, Final Notice of Intent to Levy and Notice of Your Rights to a Hearing (levy notice). The levy notice indicated that the Zulfiqars owed an "[u]npaid amount from prior notices" of $202,932 for their 2015 tax year. The calculated amount appears to include the following:

**[\*5]**

| Description | Amount |
|---|---|
| Tax Per Form 1040 | $282,637 |
| § 6651(a)(1) Addition to Tax | 61,243 |
| § 6651(a)(2) Addition to Tax | 65,849 |
| § 6654 Addition to Tax | 4,881 |
| Agreed Deficiency | 2,443 |
| Prior Payments | (284,373) |
| Interest | 70,252 |
| Total | 202,932 |

On June 13, 2023, the Zulfiqars made a designated payment of tax of $67,763 and interest of $25,337 totaling $93,100 largely using computations provided by the Commissioner in Docket No. 14881-20. Those computations totaled $67,763, which included interest of $67,056[6] through May 26, 2023, plus unpaid principal of $707, but did not include any additions to tax.

With regard to the levy notice, the Zulfiqars responded on June 15, 2023, with completed Forms 2848, Power of Attorney and Declaration of Representative, for each spouse, designating Mr. Sapinski and Robert Stern as their representatives, and a single completed Form 12153, Request for a Collection Due Process or Equivalent Hearing. The Zulfiqars indicated on Form 12153 their understanding that the tax liability was already paid, and checked the boxes for (1) "I am not liable for the tax the IRS is trying to collect," (2) "I've made payments that were not applied to my taxes," and (3) "Other issues(s) and/or comment(s)," and they wrote: "See attached addendum." In the Proposed collection alternative section, the Zulfiqars checked "Other (explain)" and wrote that the "[t]ax liability has been paid." The Zulfiqars explained in the addendum that they believed their 2015 tax liability was agreed upon in the Stipulated Decision and that no outstanding liability remained.

The Independent Office of Appeals (Appeals) assigned Settlement Officer Megan Velasco (SO Velasco) to the Zulfiqars' case. The Zulfiqars received separate Letters 4837, Appeals Received Your Request for a Collection Due Process Hearing. For reasons unknown, SO Velasco held separate CDP hearings for each of them for the same taxable year and tax liability.

---

[6] It is unclear why the interest from the Commissioner's computations, $67,056, differs from that in the levy notice, $70,252, that was issued five days later.

[*6]  A.   *Mr. Zulfiqar's CDP Hearing*

SO Velasco held a telephone conference with Mr. Sapinski and Mr. Stern on October 17, 2023, to discuss Mr. Zulfiqar's 2015 tax liability. During the conference the representatives stated that they believed Mr. Zulfiqar's 2015 tax liability was finalized in the Stipulated Decision. SO Velasco indicated that she would review the Stipulated Decision and scheduled a followup phone call for November 7, 2023. SO Velasco researched the effect of the Stipulated Decision on Mr. Zulfiqar's appeal and requested an Internal Revenue Service (IRS) Office of Chief Counsel opinion (counsel opinion). On November 7, 2023, SO Velasco received the counsel opinion, which stated:

> I disagree with the rep. The $65,849 addition to tax is based on a filed return, which was assessed 3 years earlier, in 2020. That was not part of the Tax Court case. There was a significant underpayment as you can see on the TXMOD. Payment of $260,60 [sic] was made in 2020 for a 2015 return. The decision document and the settlement of $2,443 and no addition to tax are based on the notice of deficiency only. That notice asserted an additional $201,644 deficiency and another addition to tax of $53,885.72. So, no the $65,849 should not be abated.

On the same date, SO Velasco held a telephone conference with Mr. Stern. SO Velasco explained that, on the basis of her research and the counsel opinion, the Stipulated Decision had not extinguished the section 6651(a)(1) addition to tax assessed on July 20, 2020. The parties held a final call on November 15, 2023, during which Mr. Stern reiterated that he disagreed with SO Velasco's interpretation of the Stipulated Decision and that Mr. Zulfiqar was not pursuing a collection alternative.

On December 4, 2023, the Commissioner sent Mr. Zulfiqar a Notice of Determination Concerning IRS Collection Actions under Internal Revenue Code Section 6320 or 6330 (Notice of Determination), sustaining the levy notice. In the Notice of Determination SO Velasco explained that she "found [Mr. Zulfiqar's] understanding of the court decision dated May 18, 2023, as inaccurate," that the "decision document pertains to the notice of deficiency only," and that the section 6651(a)(1) addition to tax for failure to file "that was assessed against [Mr. Zulfiqar on July 20, 2020,] was based on a self-filed return that was filed late and was not part of the Court's Decision."

**[*7]** B.  *Mrs. Zulfiqar's CDP Hearing*

SO Velasco was assigned to Mrs. Zulfiqar's CDP case on December 22, 2023.  She held a telephone conference with Mr. Stern on January 1, 2024.  During the call he stressed that the Stipulated Decision indicated that Mrs. Zulfiqar was not liable for a section 6651(a)(1) addition to tax.  He further stated that Mrs. Zulfiqar was not interested in pursuing collection alternatives.  On January 12, 2024, the Commissioner sent Mrs. Zulfiqar a Notice of Determination sustaining the levy notice.  Her Notice of Determination contained the same explanatory text as Mr. Zulfiqar's.

*Discussion*

I.  *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988).  Under Rule 121(a)(2), we may grant summary judgment when there is no genuine dispute as to any material facts and a decision may be rendered as a matter of law.  *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).  The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that it is entitled to judgment as a matter of law.  *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74–75 (2001).  In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  *Sundstrand*, 98 T.C. at 520 (first citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); and then citing *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985)).  However, the nonmoving party may not rest upon the mere allegations or denials in its pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial.  Rule 121(d); *Sundstrand*, 98 T.C. at 520.

II.  *Standard of Review for CDP Cases*

Sections 6320(c) and 6330(d)(1) grant this Court jurisdiction to review an Appeals officer's determination in connection with a CDP hearing.  Section 6330(c)(2) prescribes the matters that a taxpayer may raise at a CDP hearing, including spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  The taxpayer may contest the existence or amount of the underlying tax liability at a CDP hearing only if the taxpayer did not receive a Notice

**[\*8]** of Deficiency or did not otherwise have an opportunity to dispute the liability. *See* I.R.C. § 6330(c)(2)(B); *Sego v. Commissioner*, 114 T.C. 604, 609 (2000); *Goza v. Commissioner*, 114 T.C. 176, 180–81 (2000). A request for abatement of additions to tax and interest constitutes a challenge to a taxpayer's underlying liability. *See Dykstra v. Commissioner*, T.C. Memo. 2017-156, at \*16.

If the validity of the underlying tax liability is properly at issue, the Court will review the taxpayer's liability de novo. *Sego*, 114 T.C. at 609–10. Where the validity of the underlying liability is not properly at issue, the Court will review the Appeals officer's determination for abuse of discretion only. *Id.* at 610. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). The parties agree that a de novo standard of review applies in these cases.

III.  *The Commissioner's Motion*

The Commissioner contends that because the Zulfiqars admitted their 2015 return was filed late and failed to raise any reasonable cause arguments for abatement of those additions to tax (specifically the addition under section 6651(a)(1)), summary judgment is appropriate. He argues that the Zulfiqars waived any liability challenge.

Despite the Commissioner's assertions, what is clear here is that these CDP hearings are the Zulfiqars' first opportunity to dispute the assessed section 6651(a)(1) and (2) and 6654 additions to tax for 2015. This is because the IRS may immediately assess and collect additions to tax under each of these sections if such additions are determined by the amount of tax shown on the taxpayers' self-filed return. *See* I.R.C. § 6665(b); *Meyer v. Commissioner*, 97 T.C. 555, 559 (1991). Such an IRS action, also known as a summary assessment, is not subject to deficiency procedures and is beyond the scope of this Court's jurisdiction. *See Estate of Forgey v. Commissioner*, 115 T.C. 142, 146 (2000); *Meyer*, 97 T.C. at 560; *Vines v. Commissioner*, T.C. Memo. 2009-267, 98 T.C.M. (CCH) 482, 484, *aff'd per curiam*, 418 F. App'x 900 (11th Cir. 2011). The assessed additions to tax at issue here were based on the amount of tax shown on the Zulfiqars' 2015 Form 1040 filing. They were not reflected on the Notice of Deficiency, were not within our jurisdiction during the prior proceeding, and are subject to de novo review. *See* I.R.C. § 6330(c)(2)(B). This is particularly true as to the assessed section

**[\*9]** 6651(a)(2) and 6654 additions to tax that were not listed or addressed in the Stipulated Decision entered in Docket No. 14881-20.

Moreover, the Zulfiqars made a liability challenge in these cases by checking the box on their Form 12153 that states: "I am not liable for the tax the IRS is trying to collect" and by stating as much in their Petitions in these cases. Their Petitions indicate that they "invoked their rights to a Collection Due Process Hearing" and that the Commissioner improperly denied relief because no liability was due. They asked the Court to determine that liability as zero or "[g]rant such other relief as [the Court] deems necessary and appropriate under the circumstances." We therefore cannot surmise that the liability challenge was waived nor summarily adjudicate these cases in the Commissioner's favor.

IV.    *The Zulfiqars' Motion*

The Zulfiqars, on the other hand, contend that the prior proceeding settled the additions to tax under section 6651(a)(1) without elaborating on the remaining additions to tax at issue in these cases. We entered the parties' Stipulated Decision in the case at Docket No. 14881-20, and that decision is now final. *See* I.R.C. § 7481(a). We have already determined that we lacked jurisdiction in the prior proceeding to determine that the Zulfiqars were not liable for the assessed additions to tax. Now, we must resolve the effect, if any, of the Stipulated Decision on the current proceeding.

It is well established that "a settlement stipulation is in all essential characteristics a mutual contract by which each party grants to the other a concession of some rights as a consideration for those secured and the settlement stipulation is entitled to all of the sanctity of any other contract." *Saigh v. Commissioner*, 26 T.C. 171, 177 (1956). We are reluctant to set aside a stipulated decision in the absence of fraud, mutual mistake of fact, or other like cause. *See Dorchester Indus. Inc. v. Commissioner*, 108 T.C. 320, 335 (1997), *aff'd*, 208 F.3d 205 (3d Cir. 2000) (unpublished table decision); *Saigh*, 26 T.C. at 176. Provided there is no misrepresentation by the adverse party, a unilateral mistake is not sufficient grounds to set aside a stipulation. *See Stamm Int'l Corp. v. Commissioner*, 90 T.C. 315, 320–21 (1988).

While there is no evidence that the Zulfiqars engaged in fraud related to the Stipulated Decision, it is possible that there was a mutual mistake of fact. The record presented contains contemporaneous

**[\*10]** transcripts showing the previously assessed section 6651(a)(1) and (2) and 6654 additions to tax as well as settlement computations that omit those amounts.

The Zulfiqars contend that they negotiated, drafted, and executed the Stipulated Decision; that they paid $93,011.19 to fully settle their 2015 liability; and that the payment amount was based on the settlement computations provided in the prior proceeding. The Commissioner contends that the prior proceeding did not address the previously assessed additions to tax and could not have been a part of the prior proceeding.

While the Stipulated Decision provides "[t]hat there is no addition to tax under I.R.C. § 6651(a)(1) due from petitioners for taxable year 2015," it omits any mention of the previously assessed section 6651(a)(2) and 6654 additions to tax that are clearly still at issue in this CDP proceeding. Further, the document does not distinguish between the section 6651(a)(1) addition to tax subject to deficiency procedures in Docket No. 14881-20 and the previously assessed section 6651(a)(1) addition to tax that, like the section 6651(a)(2) and 6654 additions, may likewise have been jointly omitted from consideration. The Zulfiqars emphasize that the Stipulated Decision contains no so-called below-the-line stipulation[7] to clarify that the prior assessed section 6651(a)(1) addition remains, but such lack of modification may have been a mistake of fact. These are all material facts that prevent us from summarily adjudicating these cases at this time.

---

[7] Mr. Sapinski attached to his declaration the Stipulated Decision document from the unrelated case at Docket No. 15097-19. The above-the-line text of the document provided that "there is no addition to tax due from petitioners for the taxable year 2012, under the provisions of I.R.C. § 6651(a)(1)." However, the parties in that case incorporated the following below-the-line text:

> It is further stipulated that petitioners late-filed their Federal income tax return for the taxable year 2012 showing tax . . . which respondent assessed along with an addition to tax pursuant to I.R.C. § 6651(a)(1) . . . . Petitioners remain liable for the . . . addition[] to tax pursuant to I.R.C. § 6651(a)(1) . . . and the addition to tax pursuant to I.R.C. § 6651(a)(1) amount of zero is in addition to the [amount previously assessed], and these amounts are due and owing.

However, one such stipulation is insufficient to establish a code of conduct that would bar the Commissioner's arguments here.

**[*11]** V.     *Conclusion*

Because there remain genuine issues of material fact, we will deny both the Commissioner's Motion and the Zulfiqars' Motion.

To reflect the foregoing,

*An appropriate order will be issued.*